8498

### STATE v. HART.

1. HOUSEBREAKING—LARCENY—CHIMNEY.—Entering a house, for the purpose of stealing, through an opening in the wall left open is not a breaking. The exception to this rule that an entrance through a chimney is a breaking, is because the chimney is as much closed as the nature of the case permits.

2. IBID.—EVIDENCE.—That it was the habit of one in charge of a building to close it up at night is competent, but that he thought he had done so on a particular night is incompetent.

Before WILSON, J., Marlboro, March term, 1912. Reversed.

Indictment against Alfred Hart. Defendant appeals.

*Mr. J. K. Owens,* for appellant, cites: *Evidence as to closing house on the particular night is incompetent:* 61 S. C. 12.

*Solicitor J. Monroe Spears,* contra.

March 29, 1913. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted of housebreaking and petit larceny, the charge being that he broke and entered the cotton seed house of C. P. Hodges and stole cotton seed therefrom. The case contains this agreed statement: "Mr. C. P. Hodges owned a cotton seed house in Marlboro county. About six or eight feet from the ground was an opening through which cotton seed from the wagons was pitched into the house. The doors of the seed house were locked the evening before, and were found locked the following morning. This opening was about two feet wide and several feet long. This opening was provided with a shutter or blind. There was evidence admitted to the effect that the habit of Mr. Hodges, or the

men in his employ, was to lock the building and close up the seed house at night, and Hodges testified, over objection, he supposed it was done on this occasion. The testimony was conclusive that the seed stolen were of less value than $20."

The appeal depends mainly on the assignment of error in the following instruction given to the jury: "There must be a breaking, and there must be an entrance. The Courts have decided that to go down a chimney, not the ordinary way of entering a house, not the usual way, to go down a chimney would be a breaking in law. The Courts have decided that. That it is not the usual way to enter a building. I say there must be a breaking and entry in the nighttime, as charged in the indictment, in order for you to convict the defendant on the first count."

We think, as contended by defendant's counsel, that the jury must have understood from this instruction that entering in any unusual way, as in the present case, entering through a hole in the wall, even if left unclosed, would be a breaking. This was an incorrect statement of the law. It is true that entering by a chimney, although without any active breaking, is a constructive breaking. 1 Hale's P. C. 552; 1 Hawkins' P. C. 58, sec. 4; *State* v. *Boone,* 35 N. C. 244, 57 Am. Dec. 555; *Olds* v. *State,* 97 Ala. 81, 12 So. 400. This exception to the general rule is placed on the somewhat technical ground that a chimney is as much closed as the nature of things permit. We have been able to find no case, however, except the Texas cases resting on a statute of that State, which holds that it is a breaking to enter a house without removing or overcoming any obstruction or obstacle of any kind, in an unusual way or at an unusual place. The exception on this point must be sustained.

The evidence that it was the habit of Hodges or the men in his employment to lock the building and close up the seed house at night was competent; but it was not competent for Hodges to testify that he supposed it was done on this occasion, for that was a mere expres-

sion of an opinion, drawn from the facts before the jury, on one of the main issues of the case.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

Reversed.