13414

TOBIAS v. SUMTER TELEPHONE CO.

(164 S. E., 446)

*Mr. L. D. Jennings,* for appellant.

*Messrs. Lee & Moise* and *Epps & Levy,* for respondents,

May 24, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The plaintiff brought this action against the defendant for damages for slander, alleging that on May 15, 1929, while in the employ of the defendant, she was called into the telephone exchange by Mrs. Essie Spratt, the chief operator of the company, and was told by her that plaintiff's services were no longer needed, and that she was being discharged on account of her character and bad behavior, that this statement was made in the presence of other employees of the company and was heard by several, if not by all, of them, and that the words spoken were slanderous and false and were intended to besmirch and impeach plaintiff's character and reputation. The company, by its answer, admitted that the plaintiff had been discharged, but denied the other allegations of the complaint.

The trial of the case, at the March, 1930, term of Court of Common Pleas for Sumter County, resulted in a verdict for the defendant. The plaintiff now comes to this Court on appeal, stating the question involved to be: "Did the Appellant, before she could recover, have to show that some-

one other than herself had actually heard the slanderous words spoken?"

In instructing the jury, the Court told them that plaintiff was required to prove by the greater weight of the evidence before she could recover, first, that Mrs. Spratt made the alleged defamatory statements; and, secondly, that there was a publication of such statements. After having charged with regard to the first issue, he gave the following general instructions as to the second: "So if you reach the second issue, you must ask yourselves whether the plaintiff has satisfied you by the greater weight of the evidence that the false statement as set forth in this complaint was made by Mrs. Spratt at that time and place and in such manner that it was, in fact, heard by a third person or persons. And the plaintiff must satisfy you of the truth of that by the greater weight of the evidence. You see, the plaintiff has two issues on which she must satisfy you by the greater weight of the evidence before she is entitled to recovery. Satisfying you of one will not avail her or warrant you in giving her a verdict."

And also charged defendant's fifth request: "The jury is charged that if they find that the words were spoken by the party named as alleged in the Complaint, then they must go further and find that some person or persons actually overheard the communication as alleged in the complaint, and if the plaintiff has failed to show that any other person than herself heard the words claimed to have been spoken, then plaintiff cannot recover."

And sixth request: "The jury is charged that the basis of an action for slander is damages for injury to character in the opinion of other men, and that before any damages can be awarded it must be shown that the slanderous words were actually uttered and actually heard by some other person or persons other than the party uttering the words and the plaintiff in the action."

The appellant complains that the foregoing instructions

were erroneous for the reason that they required the plaintiff to show that some third person actually heard the words uttered, thereby taking from the consideration of the jury the right, if they found ·that a third person was present, to assume that such person did actually hear the words uttered. The respondent submits that the appeal is based upon a failure to distinguish between publication of slander and the method by which the plaintiff may prove the publication, and that the word "actually" as used by the trial Judge in his charge, "that a person must actually overhear the communication," could in no wise affect the charge, as there is no distinction between merely doing a thing and actually doing it.

In Newell on Slander and Libel (4th Ed.), 219, the writer says: "It is no publication when the words are only communicated to the person defamed; for that cannot injure his reputation. A man's reputation is the estimate in which others hold him; not the good opinion which he has of himself. The communication, whether it be in words or by signs, gestures or caricature, must be intelligible to such third person. If the words used be in the vernacular of the place of publication, it will be presumed that such third person understood them until the contrary be proved. And it will be presumed that he understood them in the sense which such words properly bear in their ordinary signification, unless some reason appear for assigning them a different meaning. The burden is on the plaintiff to prove publication."

At page 725 of the same work we find: "While the burden is upon plaintiff to prove the publication by a fair preponderance of evidence, still if a third person is shown to have been present when the words were spoken it is for the jury to say whether such person did or did not hear them. So where the only person present besides plaintiff and defendant denied having heard the words, it appearing that that person was not deficient in hearing, it is to be assumed that he must have heard what was said and where plaintiff had testified

positively to the utterance of the words, this was substantial evidence of the publication and sufficient to go to the jury."

It is elementary that the burden of proof is on the plaintiff to show to the satisfaction of the jury, not only that the slanderous remarks were uttered, but that they were published; that is, heard and understood by some third person. This may be done by the positive testimony of such person to the effect that the slanderous remarks were heard by him, or by evidence tending to show that third persons were present and near enough at the time to hear the words spoken. And evidence of the latter class would be sufficient to take the case to the jury for them to say whether the words spoken were heard by the third person present, even though such person should deny having heard them. In the case before us, the plaintiff relied entirely upon circumstantial evidence to prove the fact of publication. She testified positively that the slanderous remarks were made by Mrs. Spratt, the agent and chief operator of the company, and that at least two other employees of the defendant were present and near enough to hear what was said; these other employees admitted being present but denied having heard the conversation.

As an abstract proposition of law, the instructions given were not objectionable; and this is particularly true of the general charge. But, in view of the nature of the testimony bearing upon the question of publication, we think the language of the requests, charged by the trial Judge, that it must be shown that the alleged slanderous statements were "actually" heard by some third person, without appropriate explanation, as already indicated, as to how the fact of such hearing might be shown, on account of the emphasis thereby laid upon the "actual" hearing and the probable effect of such emphasis upon the mind of the average layman, doubtless confused and misled the jury into thinking that it was incumbent upon the plaintiff, in order to show publication, to adduce direct evidence of that fact;

that is, some witness who would testify that he heard the words uttered. The plaintiff having adduced no testimony of this kind, but relying for proof of publication upon the assumption that the jury might properly draw from the circumstances under which the words were spoken, the jury naturally concluded that her proof had failed to measure up to the requirements of the law as given by the Court. For this reason, we think there should be a new trial.

The judgment below is reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.

CIRCUIT JUDGE E. C. DENNIS, ACTING ASSOCIATE JUSTICE, dissents.