## 20431

Dorothy M. FISHBURNE, Respondent, v. Harry L. SHORT, Appellant.

Julia F. FISHBURNE, Respondent, v. Harry L. SHORT, Appellant (two cases).

(235 S. E. (2d) 118)

Messrs. *W. Ray Berry,* of Columbia, and *C. La Vaun Fox,* of Aiken, *for Appellant,*

*Messrs. Charles E. Simons, III,* and *Marshall Cain,* of Aiken, *for Respondent,*

May 17, 1977.

GREGORY, Justice.

By consent of the parties, these automobile accident cases were consolidated for purposes of trial. The jury awarded respondent Julia F. Fishburne $3,650.00 actual damages and respondent Dorothy M. Fishburne $2,840.00 actual damages. The appellant, Harry L. Short, excepts to the denial of his motion for judgment *non obstante veredicto* or in the alternative a new trial, and to the judge's charge to the jury of the mortuary table, Section 26-12 of the Code (Cum. Supp. 1975). We find no prejudicial error, and affirm.

While respondents were seated in their MGB automobile waiting for a red traffic light to change, their vehicle was struck from the rear by the vehicle operated by appellant. The impact drove the Fishburne car into the rear of the car ahead, which was also stopped for the light. Mr. Short then pulled alongside the Fishburne car, looked at the ladies and drove away. He arrived home sometime thereafter. At trial Mr. Short's defense was a sudden incapacity caused by a cerebral vascular accident (stroke). For this defense to prevail, the defendant must show that the incapacity was unforeseeable and occurred at or shortly before the accident, causing him to lose control of his vehicle. See *Boyleston v. Baxley,* 243 S. C. 281, 133 S. E. (2d) 796 (1963); Annotation, 28 A. L. R. (2d) 12.

At trial it was undisputed that Mr. Short had had a stroke sometime while driving from the Aiken racetrack to his home in Aiken. The only issue was whether the stroke made him lose control of his vehicle and thereby cause it to strike respondents' vehicle. Mr. Short could not remember anything about the trip home. The testimony was thus limited to that of respondents, of appellant's physicians, and of friends of appellant who were with him at the racetrack.

We think it unnecessary to repeat in detail this testimony. There was ample evidence tending to show that appellant was not incapacitated before the accident so as to interfere with his operation of the vehicle. Therefore, the trial judge correctly overruled the motion for judgment *non obstante veredicto* or in the alternative a new trial. See 18 *West's S. C. Digest,* "Trial", Key 142, 178.

We next consider appellant's assertion that the trial judge erred in charging the mortuary table to the jury. Appellant argues there was no evidence that respondents' injuries were permanent; therefore, charging the table could have only encouraged the jury to find greater damages than respondents were entitled to recover.

Apparently this Court has not addressed this precise question before. We held that, absent evidence from which a reasonable inference of permanent disability can be drawn, it is error for the trial judge to charge the mortuary table in a personal injury action. However, we think it proper for the judge to charge the mortuary table if there is evidence that would make a jury issue out of the question of the permanence of the disability. In that case, the judge should accompany the charge with an instruction to disregard the table if the jury finds the disability is not permanent.

In the instant case no evidence tending to establish permanent disability was presented. In view of this, we agree that the trial judge erred in charging the mortuary table.

However, it is well settled in South Carolina that the giving of an erroneous instruction is not reversible error unless the appellant can show he was prejudiced thereby. *Yaun v. Baldridge,* 243 S. C. 414, 134 S. E. (2d) 248 (1964).

Although the charge in the present case was error, the awards were reasonable and show a lack of prejudice. The testimony revealed that Dorothy Fishburne had suffered pain in the neck and shoulder area immediately after the accident and that this pain had persisted for two years after the accident. Furthermore, it was still persisting at the time of trial. Julia Fishburne had also suffered from neck pain, which continued for two years after the accident. She testified that she had stayed in bed for two weeks after the accident and had not returned to a "complete normal routine" as a housewife and mother for one year. In view of this testimony and the minimal verdicts, we think appellant was not prejudiced by the charge.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.