21247

The **PALMETTO BANK,** Respondent-Cross-Appellant, v. **Sam ROWLAND,** Appellant-Cross-Respondent.

(267 S. E. (2d) 426)

*James D. Jefferies,* Greenwood, *for appellant-cross-respondent.*

*William F. Austin* and *A. Camden Lewis,* of *Barnes, Austin & Lightsey,* Columbia, and *Thomas A. Babb,* Laurens, *for respondent-cross-appellant.*

June 5, 1980.

LEWIS, Chief Justice.

This is an appeal challenging the appropriateness of the trial judge's grant of a new trial as the result of his exclusion of certain possible jurors. Plaintiff, the Palmetto Bank, has cross-appealed whereby it challenges the sufficiency of the evidence of the appellant's counterclaim. We affirm.

The Palmetto Bank initiated this action to recover on a note alleged to be due by the appellant, Sam Rowland. The appellant alleged several contractual defenses and additionally sought affirmative relief pursuant to a counterclaim. The

jury found for the appellant on the Bank's original action and returned a verdict of $3,703.57 actual damages, plus interest and court costs, and $20,000.00 punitive damages for the appellant on his counterclaim.

During the *voir dire* of the jury panel, the appellant requested the judge ascertain whether anyone had a savings account or a loan with the Palmetto Bank. The judge so inquired and thereafter granted the appellant's motion to exclude those persons. After the trial, Palmetto Bank made a timely motion for a new trial which alleged, as one of its grounds for relief, that the trial judge had committed reversible error by the disqualification. In granting the motion, the trial judge reasoned that his exclusion of the jurors was done because of his belief during trial that he had no discretion in the matter. His order concluded that such actions were error because he had discretion in the matter and he ordered a new trial.

We previously held that an indebtedness to a bank does not as a matter of law disqualify a juror from service in a case in which the bank is interested. Such excusal must instead be left to the sound discretion of the trial judge. *First National Bank of Manning v. Pierson*, 124 S. C. 327, 117 S. E. 542. It follows, therefore, that the judge's action at trial was based on a misconception of law; and constitutes reversal error.

In light of the new trial that must occur in this case, we think the sufficiency of the evidence to sustain an award of punitive damages, which is the only other issue properly before this Court, is best determined upon the evidence presented at the new trial.

Remanded for a new trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.