21992

The STATE, Respondent, v. Sterling Barnette SPANN, Appellant.

(308 S. E. (2d) 518)

*David I. Bruck,* and *Asst. Appellate Defender Elizabeth C. Fullwood,* of *S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Carlisle Roberts, Jr.,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

October 13, 1983.

HARWELL, Justice:

A jury in York County convicted appellant Sterling Barnette Spann of burglary, robbery, criminal sexual conduct in the first degree, and murder. The jury recommended a death sentence. This case consolidates Spann's direct appeal and mandatory review of the death sentence.

On September 14, 1981, an assailant entered the Clover home of Mrs. Melva Harper Neil and stole certain personal property, committed a sexual battery on the 82 year old widow, and killed her. Appellant was arrested and pleaded not guilty to the charges.

Appellant asserts that several errors justify reversal of the jury's finding of guilt and its recommendation of the death penalty. We disagree and affirm.

Appellant first asserts error in the voir dire process. Prior to trial, he moved to prohibit questioning of members of the jury venire concerning their beliefs about capital punishment. His position was that this inquiry would not result in a jury representing a cross-section of the community. This court resolved that issue contrary to the appellant's position in *State v. Goolsby,* 275 S. C. 110, 268 S. E. (2d) 31 (1980), *cert. denied,* 449 U.S. 1037, 101 S. Ct. 616, 66 L. Ed. 2d 500 (1980). When a potential juror is prevented from rendering an impartial decision or voting for the death penalty, the trial court can exclude him because of his inability to carry out his duty under the law. *State v. Hyman,* 276 S. C. 559, 281 S. E. (2d) 209 (1981), *cert. denied,* ___ U.S. ___ , 102 S. Ct. 3510, 73 L. Ed. (2d) 1384 (1982).

Appellant next asserts that the lower court erred in disqualifying certain prospective jurors because their responses to questions about the death penalty were ambiguous. Considering the entire colloquy with these veniremen, we find that the court properly disqualified them. *State v. Butler*, 277 S. C. 452, 290 S. E. (2d) 1 (1982), *cert. denied,* ___ U.S. ___ , 103 S. Ct. 242, 74 L. Ed. (2d) 191 (1982). The alleged error in the trial judge's qualification of certain other jurors also has no merit. A juror's competence is within the trial judge's sole discretion and is not reviewable on appeal unless wholly unsupported by the evidence. S. C. Code § 14-7-1020 (1976); *State v. Thompson*, 278 S. C. 1, 292 S. E. (2d) 581 (1982); *State v. Hyman, supra.*

Appellant excepts to the lower court's refusal to exclude another juror on grounds that he had formed an opinion about the case prior to trial. The trial court did not, however, abuse its discretion because the juror stated, in effect, that he could be fair and impartial. *State v. Franklin*, 267 S. C. 240, 226 S. E. (2d) 896 (1976).

Appellant further argues that the trial judge should have directed a verdict on the crime of burglary because the state failed to prove a breaking. The trial court is concerned with the existence of evidence rather than its weight in ruling on a motion for a directed verdict. *State v. Hyman, supra.* We have reviewed the testimony and it is more than adequate to require the submission of this case to the jury. *State v. Kennedy*, 272 S. C. 231, 250 S. E. (2d) 338 (1978). Opening a window constitutes a breaking. *State v. Clamp*, 225 S. C. 89, 99, 80 S. E. (2d) 918, 922 (1954). The smudged palmprints pointing inward and blood of his type found on the windowsill are evidence from which the jury could infer that the appellant climbed into the house through a closed window. Also, chipped paint was found under the window inside the house. When police investigated, the storm window was still pushed up. The circumstantial evidence here was sufficient to sustain the burglary conviction. *State v. Kimbrough*, 212 S. C. 348, 46 S. E. (2d) 273 (1948).

Appellant cites several civil cases, e.g., *Green v. Shaw*, 136 S. C. 56, 134 S. E. 226 (1926), to support his contention that evidence of the decedent's habits of care was not admissible to prove she acted in conformity with them on

this occasion. *Green* was a negligence case against a physician in which habit evidence was held inadmissible to prove the doctor acted in conformity with a certain standard of care. These cases do not apply here. The habit evidence here was not necessary to the finding of burglary in view of the other evidence mentioned above and was therefore cumulative. However, this court has upheld the admission of habit evidence on the issue of breaking. *State v. Hart*, 94 S. C. 214, 77 S. E. 862 (1913).

Since the state proved the elements of burglary, it properly relied on that crime as an aggravating circumstance under Code § 16-3-20(C)(a)(1)(d) (1982 Cum. Supp.).

Appellant contends that he was placed in double jeopardy by his sentences for both burglary and murder while in the commission of burglary. This argument lacks merit. Under the constitutional prohibition against double jeopardy, a defendant cannot be punished for an offense and a lesser included offense established by the same acts. *State v. Lawson*, 305 S. E. (2d) 249, 1983. The crimes of burglary and murder require the proof of entirely different elements. The connection between the two in the case at bar is that burglary is the aggravating circumstance on which the state relied in seeking capital punishment. The double jeopardy clause does not protect appellant here.

Appellant additionally argues that the change in the burglary indictment at trial to include intent to commit a crime rather than a felony, *State v. Brooks*, 277 S. C. 111, 283 S. E. (2d) 830 (1981), is an ex post facto law. The amendment of the indictment did not create a greater punishment than would have attached at the time of the offense. *State v. Logan*, 277 S. C. 252, 286 S. E. (2d) 125 (1982). The arrest warrant stated that appellant entered the house to commit murder. The jury in fact convicted him of several felonies. Appellant had full notice of the crimes of which he was charged. This exception has no merit.

Appellant also contends that the jury charge was incorrect in several respects. We have held that to equate substantial doubt with reasonable doubt is not error. *State v. Butler, supra.* The charge here taken as a whole is sufficient. *State v. Hyman, supra.* The trial judge's charge

that any sentence of life imprisonment must be unanimous was harmless error. We held in *State v. Adams*, 277 S. C. 115, 283 S. E. (2d) 582 (1981), that the jury need not be aware of the fact that the legal effect of an unalterably divided jury is a life sentence.

Appellant asserts that the solicitor's closing argument in the guilt phase was so inflammatory that it appealed to the jury's passion and prejudice. A review of the argument in the context of the entire record indicates that it did not deprive appellant of a fair determination of guilt or innocence. *State v. Linder*, 276 S. C. 304, 278 S. E. (2d) 335 (1980). Appellant contends that the solicitor improperly argued the facts of the criminal sexual conduct during the sentencing phase. Although the state used burglary as the aggravating circumstance, the solicitor was not limited in his argument to the facts relating to burglary. The acts of appellant in their entirety were relevant to the sentence the jury was to recommend.

After a thorough review of the record, we find that the imposition of the death sentence was not the result of prejudice, passion, or any other arbitrary factor. The evidence supports the jury's finding beyond a reasonable doubt that the statutory aggravating circumstance of burglary was present. The state presented strong evidence of appellant's guilt. Blood of his type was found at the scene, his fingerprints matched those found on papers on the victim's bed, and police found him in possession of the victim's property.

We have examined other death penalty cases in this state in order to determine the proportionality of the penalty to the one imposed in similar cases. Code § 16-3-25(C)(3). The facts here are sufficiently egregious to justify a punishment of death. Appellant broke into an elderly woman's home, stole money and jewelry, assaulted her sexually, and killed her by strangulation. The death penalty is fully justified. (See the capital cases cited in *State v. Adams, supra.*)

Appellant urges us to differentiate this case, where the evidence is circumstantial, from other capital cases. We decline to do so. Most of these cases involve circumstantial evidence.

We have searched the record for reversible error and find none. The convictions and sentence of appellant are accordingly,

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.