0614

Curley BROOKS, Appellant v. Nathaniel BROOKS, Respondent. Marvin BROOKS, Appellant v. Nathaniel BROOKS, Respondent.

(339 S. E. (2d) 531)

Court of Appeals

*William F. Able*, of *Able & Associates*, Columbia, and *David C. Bryan, Jr.*, of *Bryan & Bates*, West Columbia, *for appellants.*

*Heyward E. McDonald*, of *Rogers, McDonald, McKenzie, Fuller & Rubin*, of Columbia, *for respondent.*

Heard Nov. 12, 1985.

Decided Jan. 22, 1986.

SHAW, Judge:

Appellants Curley and Marvin Brooks brought this action against their brother, respondent Nathaniel Brooks, seeking damages for injuries received in an automobile wreck. Curley and Marvin were passengers in the car driven by Nathaniel. The jury returned a verdict for Nathaniel. Curley and Marvin appealed based on alleged errors made by the trial judge. We affirm.

Curley and Marvin allege Nathaniel recklessly, wantonly, and willfully operated his car in a grossly negligent manner on a curving dirt road. They claim this caused Nathaniel to lose control of the car and collide with a tree, resulting in their injuries. Nathaniel contends he lost control of the car attempting to evade a deer in the road and hit the tree. There is no dispute about the presence of a deer.

Curley and Marvin assign four errors to the trial judge. They allege he erred in (1) refusing to allow the jury to view the scene, (2) admitting certain photographs of the scene into evidence, (3) recharging the doctrine of sudden emergency when the jury requested a recharge on the principle of negligence, and (4) denying their motions for judgment *non obstante veredicto* or, in the alternative, for a new trial.

A jury, at the request of either party, may be taken to view a scene in question. However, this decision is within the sound discretion of the trial judge. S. C. Code Ann. § 14-7-1320 (1976). The judge's decision will not be interfered with absent an abuse of discretion. *Peyton v. Strickland*, 262 S. C. 210, 203 S. E. (2d) 388 (1974). Abuse of discretion occurs if "... the judge issuing the order was

controlled by some error of law or where the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support." *Stewart v. Floyd*, 274 S. C. 437, 440, 265 S. E. (2d) 254, 255 (1980). There is substantial testimony in the record regarding the scene and photographs of the scene were admitted into evidence. Under these circumstances, we find no abuse of discretion by the trial judge who felt it unnecessary for the jury to actually view the scene.

The appellants also allege the judge erred in admitting photographs of the scene they contend are of insufficient quality. The admission or exclusion of evidence is also within the trial judge's discretion. *Stevenson v. Emerson Electric Corp.*, 286 S. C. 331, 333 S. E. (2d) 355 (Ct. App. 1985). We hold he did not abuse his discretion by admitting the photographs.

After some deliberation, the jury returned and asked the judge to recharge them on the principle of negligence. The judge did and included a recharge on the doctrine of sudden emergency. Curley and Marvin claim this instructed the jury sudden emergency was a defense in the court's opinion in this case. We disagree. Sudden emergency is not a defense in and of itself. It is simply a part of the overall law of negligence and is charged to the jury in a proper case to assist the jury in applying the principles of negligence. *Wiggins v. Thomas*, 264 S. C. 360, 215 S. E. (2d) 426 (1975). Thus, the judge properly recharged the jury.

Finally, Curley and Marvin contend the judge erred in not granting them a judgment *non obstante veredicto* or a new trial based on the alleged errors above. In view of our decision, we hold the judge properly denied these motions.

Affirmed.

BELL and GOOLSBY, JJ., concur.