### 22497

R. K. ABOFREKA, M.D., Respondent v. The ALSTON TOBACCO Company; Valley Fidelity Bank, Trustee, Diamond G Employee Benefit Plan; Diamond G Employee Benefit Plan; and Southern Packaging and Storage of South Carolina Incorporated, d/b/a/ Marnat Packing Company, Appellants.

(341 S. E. (2d) 622)

Supreme Court

*Finley B. Clarke,* of *Clarke & Johnson,* and *David W. Keller, Jr.,* of *McGowan, Keller, Eaton, Brodie & Elmore,* Florence, *for appellants.*

*Henry Hammer,* of *Hammer & Bernstein,* Columbia, and *John C. Lindsay, Sr.,* of *Lindsay & Lindsay,* Bennettsville, *for respondent.*

Heard Jan. 9, 1986.

Decided March 11, 1986.

NESS, Chief Justice:

This is an action for libel brought by respondent Abofreka against appellants alleging damage to his reputation as the result of a memorandum posted on the premises of appellant Marnat Packing Company. The jury awarded Abofreka actual and punitive damages. We affirm in part and reverse in part.

Abofreka is a medical doctor specializing in obstetrics and gynecology, and he treated many Marnat employees or family members. Marnat provided group health insurance benefits to its employees through the appellant Diamond G Employee Benefit Plan.

Abofreka filed two insurance claims on behalf of Marnat employees which Diamond G's agent believed were altered to bring the claim within the coverage provided by the policy. Without giving Abofreka an opportunity to explain the claims, Diamond G issued a memorandum to Marnat employees requesting them to refrain from seeking medical treatment from Abofreka because his treatment and charges were "not within the usual and customary realm of treatment and charges." The memorandum was posted on a bulletin board in the Marnat canteen where it was intended

to be seen by Marnat employees and likely to be seen by salesmen and other visitors to the plant. Within a relatively short period of time, the number of Abofreka's patients from Marnat dropped by approximately eighty (80) percent.

Appellants assert error in the refusal of the trial judge to disqualify for cause those jurors who had themselves or had family members who had been treated by Abofreka. A juror should be disqualified by the court if it appears to the court that the juror is not indifferent in the case. S. C. Code Ann. Section 14-7-1020 (1976). The decision is within the sound discretion of the trial judge. *Palmetto Bank v. Rowland,* 275 S. C. 38, 267 S. E. (2d) 426 (1980). A prior business relationship between a juror and a party to the case does not as a matter of law disqualify a juror. *Id.* Since all challenged jurors affirmatively stated they could give the parties a fair trial, there was no abuse of discretion.

Appellants assert error in the admission of hearsay testimony. Two of Abofreka's employees were permitted to testify that they received telephone calls concerning the memorandum posted at Marnat.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. *Bain v. Self Memorial Hospital,* 281 S. C. 138, 314 S. E. (2d) 603 (Ct. App. 1984). The testimony was offered to show the memorandum was posted at Marnat, and was inadmissible hearsay. However, since appellants admitted the posting of the memorandum in their answer, the admission of the hearsay testimony was harmless.

Appellants assert error in striking paragraphs 12 and 14 of the answer, which asserted qualified privilege and a duty owed to the insureds.

Where the defamation is made in good faith and with proper motives, a defendant may claim a qualified or conditional privilege. The privilege exists if the defendant correctly or reasonably believes that some important interest of his own or a third party is threatened. *Cullum v. Dun & Bradstreet, Inc.,* 228 S. C. 384, 90 S. E. (2d) 370 (1955). A qualified privilege may exist where the parties have a common business interest. *Conwell v. Spur Oil Company,* 240 S. C. 170, 125 S. E. (2d) 270 (1962). However, the qualified

privilege exists only when the publication has occurred in a proper manner and to proper parties only. *Prentiss v. Nationwide Mutual Insurance Company,* 256 S. C. 141, 181 S. E. (2d) 325 (1971).

Even if appellants initially demonstrated a qualified privilege, the privilege was lost when the memorandum exceeded the scope of its purpose. Appellants stated the memorandum was prompted by concerns that Abrofreka altered claims to bring them within the policy coverage. Yet the memorandum asserted he overtreated his patients and charged unreasonably high fees. The defamatory statement clearly exceeded the purpose for which it was written.

The privilege was also lost when the memorandum was published to persons other than those to whom the privilege applied. A Marnat employee testified the location of the memorandum caused it to be seen by persons other than Marnat employees. The trial judge did not err in striking the defenses from the answer. See, *Woodward v. S. C. Farm Bureau Insurance Company,* 277 S. C. 29, 282 S. E. (2d) 599 (1981).

Appellants next assert error in charging the jury as to the mortality tables, S. C. Code Ann. Section 19-1-150 (1976), and Abofreka's life expectancy for the purpose of determining damages. It is proper to charge the mortality tables in a personal injury action when there is evidence of permanent injury. *Fishburne v. Short,* 268 S. C. 546, 235 S. E. (2d) 118 (1977).

Damages in a libel action include humiliation, wounded feelings and injury to reputation. *Smith v. Smith,* 194 S. C. 247, 9 S. E. (2d) 584 (1940). These elements of damage may extend into the future, and in a libel action it is not error to charge the jury on the mortality tables to assist them in determining these damages. *Dixson v. Newsweek, Inc.,* 562 F. (2d) 626 (10th Cir. 1977). The jury should be instructed to consider the mortality tables only if they find permanent injury. *Fishburne v. Short, supra.*

Appellants assert error in ruling as a matter of law that publication had occurred. A plaintiff in a libel action must prove that the alleged defamatory statement was published to a third person. See, e.g., *Tyler v.*

*Macks Stores of South Carolina, Inc.*, 275 S. C. 456, 272 S. E. (2d) 633 (1980); *Tobias v. Sumter Telephone Company*, 166 S. C. 161, 164 S. E. 446 (1932). The question is ordinarily one for the jury. *Duckworth v. First National Bank*, 254 S. C. 563, 176 S. E. (2d) 297 (1970). However, when the evidence permits only one reasonable inference, a question of law is presented for the court. *Young v. Tide Craft, Inc.*, 270 S. C. 453, 242 S. E. (2d) 671 (1978). It is not error to rule as a matter of law that publication has occurred where the evidence establishes conclusively that the libelous statement was seen and understood by third persons. 53 C. J. S., *Libel and Slander*, Section 226. Since the evidence concerning publication was not in dispute, it was not error to rule as a matter of law that publication had occurred.

Appellants assert error in the trial judge's refusal to dismiss as defendants Valley Fidelity Bank and Alston Tobacco Company[1] since there was no evidence they participated in the libel. A principal may be held liable for defamatory statements made by a servant acting within the scope of his employment or within the scope of his apparent authority. Restatement (Second) of Agency Section 247. See also, *Carver v. Morrow, et al.*, 213 S. C. 199, 48 S. E. (2d) 814 (1948); 50 Am. Jur. (2d), *Libel & Slander*, Section 322. Annie Storm, the author of the libelous memorandum, testified she was an employee of Diamond G. However, telephone calls to Ms. Storm were received at Alston Tobacco Company, and her office was located on Alston's premises. In addition, the insurance card issued to persons covered by Diamond G directed that claims were to be submitted to Alston. In light of this evidence, the trial judge properly submitted the issue of Alston's liability as a principal to the jury.

Valley Fidelity Bank's liability is premised upon its capacity as trustee of Diamond G's funds, whereas the liability of the other appellants is based upon their status as tort-feasors. We agree with Valley Fidelity Bank that its joinder as a defendant was improper. We are aware of no rule which allows joinder in a tort action of a

---

[1] This appellant was improperly identified in the complaint. The correct name of this appellant is the Austin Company, Inc.

tort-feasor's bank. Judgment as to Valley Fidelity Bank is reversed.[2]

Appellants next assert the trial judge erred in failing to grant a new trial on the basis of the disqualification of a juror. A party seeking a new trial on the basis of a juror's disqualification must show (1) the fact of disqualification; (2) the grounds for disqualification were unknown prior to verdict; and (3) the moving party was not negligent in failing to learn of the disqualification before verdict. *Thompson v. O'Rourke*, 339 S. E. (2d) 505 (S. C. 1986). The record fully supports the trial judge's finding that the basis for the juror's disqualification could have been discovered prior to verdict. The ruling was not error.

The remaining exceptions are affirmed pursuant to Supreme Court Rule 23. See, *Brooks v. Brooks*, 339 S. E. (2d) 531 (S. C. 1986); *Woodward v. S. C. Farm Bureau, Insurance Company, supra; Easler v. Hejaz Temple*, 285 S. C. 348, 329 S. E. (2d) 753 (1985).

Affirmed in part and reversed in part.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[2] Since Valley Fidelity Bank's joinder was in its representative capacity rather than as a principal tort-feasor, the judgment against the other appellants is unaffected. See, *Gray v. Green Construction Company of Indiana, Inc.*, 263 S. C. 554, 211 S. E. (2d) 871 (1975).