1709

Linda GETHERS, Appellant v. William L. BAILEY, and William L. Bailey, Jr., as Personal Representative for the Estate of Leroy Bailey, Respondents.

(410 S.E. (2d) 586)

Court of Appeals

*Reese I. Joye, Jr.,* of the *Joye Law Firm,* North Charleston, *for appellant.*

*R. Markley Dennis, Jr.,* of *Dennis & Dennis,* Moncks Corner, *for respondents.*

Heard Sept. 18, 1991.

Decided Oct. 14, 1991.

CURETON, Judge:

The primary issue in this case is the failure of the trial court to charge the life expectancy tables in a negligence case. Linda Gethers injured her foot in an automobile accident when Leroy Bailey, now deceased, ran a stop sign. The trial court directed a verdict against the respondents on liability. The jury returned a verdict for Gethers for $6,000 actual damages. She appeals the refusal of the trial judge to charge the life expectancy tables and his denial of her new trial *nisi additur* motion. We find the trial court erred in failing to charge the tables. We reverse and remand the case for a new trial on damages only.[1]

At trial, Gethers testified about her injury and the medical treatment she received for it. She testified she was still having pain in her foot approximately two and one-half years after the accident. Her total medical expenses and lost wages to the date of trial were $2,425.40. She was thirty-one years old.

Her treating physician, an orthopaedic surgeon, also testified. He described her course of treatment which included a walking cast, physical therapy, and anti-inflammatory drugs. On direct examination, the doctor was asked if he had an opinion about permanent impairment. He stated "[s]he was as-

---

[1] The grant of the directed verdict on liability was not appealed by the respondents. The accident occurred on March 15, 1987. For these reasons, *S.C. Code Ann.* Section 15-33-125 (Supp. 1990) is not applicable and we may reverse and remand for a new trial on damages only.

sessed an impairment rating, in my opinion, of five percent of her lower extremity." He testified this meant it was a "permanent injury."

On cross-examination, the following exchange took place between the doctor and defense counsel:

Q. Dr. McConnell, but impairment does not translate to disability, though does it?
A. Correct.
Q. That's a motion function, that type of thing?
A. Yes.
Q. Okay. And your five percent doesn't–You're not saying she's five percent disabled.
A. Correct. No, I'm not.

At a later point in the cross-examination the following questions and answers were elicited:

Q. Primarily it's been—and your impairment is relating to—if the pain is there, then the impairment is there.
A. Correct.
Q. And if the pain is not there, then there's no impairment.
A. Correct.

During redirect and recross, the physician indicated that it was uncommon for individuals with the type of injury suffered by Gethers to have complaints two years after the injury. However, he could not say with a reasonable degree of medical certainty that Gethers either would or would not have a complete recovery with no more pain in her foot.

At the end of the testimony, counsel for Gethers asked the court to charge the jury the applicable provision of the life expectancy tables. *See S.C. Code Ann.* Section 19-1-150 (1976). The trial court refused the request referring to the testimony of the doctor "that there was a difference and that he could not say that there was a disability, that there was an impairment." In his charge on the law the trial judge stated the following on damages:

[S]ome of the elements that you might consider provided, of course, she has satisfied you of them. One is loss of impairment of physical bodily functions also known

sometimes as physical disability. Pain and suffering, mental anguish, loss of wages or earning capacity or the ability to work, cost of hospitalization, medicine, doctor bills or any other cost of medical care and loss of enjoyment of life.

The South Carolina Supreme Court has held that it is proper to charge the jury the life expectancy tables in a personal injury action when there is evidence of "permanent injury." *Abofreka v. Alston Tobacco Co.*, 288 S.C. 122, 341 S.E. (2d) 622 (1986). In an earlier opinion, the court held it was error to charge the life expectancy tables absent evidence from which a reasonable inference could be drawn that a person suffered permanent disability. *Fishburne v. Short*, 268 S.C. 546, 235 S.E. (2d) 118 (1977). The court in the *Fishburne* case further held the trial judge should instruct the jury to disregard the tables if the jury found the disability was not permanent. *Id.*

Apparently, the difficulty in this case comes from too technical a reliance on the term "permanent disability" as opposed to "permanent impairment." Dr. McConnell's testimony about the two terms related to his medical interpretation of the difference between range of motion loss versus pain. He indicated Gethers had no loss of range of motion (i.e. no permanent disability) but her permanent impairment was related to pain. The issue is not one of whether there is a technical distinction between "impairment" and "disability" as medical terms of art, but whether there is evidence Gethers had a "permanent injury" because of continued pain in her foot. There was more than one reasonable inference to be drawn from the evidence on this issue. Thus, it was a question for the jury to determine. Since there was some evidence of a permanent injury the trial court erred in failing to charge the life expectancy tables. As noted in *Fishburne*, the jury should be told to disregard the tables if it finds the injury was not permanent based upon the evidence in the case.

The case is reversed and remanded for new trial on the issue of damages only.

Reversed and remanded.

SHAW and BELL, JJ., concur.