**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Charles T. Sullivan, Appellant.

Appellate Case No. 2016-001706

---

Appeal From Richland County
Tanya A. Gee, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-403
Submitted October 1, 2019 – Filed December 31, 2019

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** Charles T. Sullivan appeals his commitment to the South Carolina Department of Mental Health (the Department) as a sexually violent predator (SVP), arguing the circuit court erred by refusing to strike two jurors for cause when they declared during voir dire they believed pedophiles could not be rehabilitated. Because both jurors indicated upon further questioning they could consider the evidence presented and be fair and impartial in determining whether the State met its burden of proving Sullivan was a SVP, we affirm pursuant to Rule

220(b), SCACR, and the following authorities: *Winthrop Univ. Trs. ex rel. State v. Pickens Roofing & Sheet Metals, Inc.*, 418 S.C. 142, 159, 791 S.E.2d 152, 161 (Ct. App. 2016) ("A litigant's right to an impartial jury is a fundamental principle of our legal system." (quoting *Burke v. AnMed Health*, 393 S.C. 48, 52, 710 S.E.2d 84, 86 (Ct. App. 2011))); *State v. Coaxum*, 410 S.C. 320, 327, 764 S.E.2d 242, 245 (2014) ("To protect both parties' right to an impartial jury, the [circuit] court must conduct voir dire of the prospective jurors to determinate whether the jurors are aware of any bias or prejudice against a party, as well as to 'elicit such facts as will enable [the parties] intelligently to exercise their right of peremptory challenge.'" (second alteration by court) (quoting *State v. Woods*, 345 S.C. 583, 587, 550 S.E.2d 282, 284 (2001))); *Winthrop Univ. Trs. ex rel. State*, 418 S.C. at 159, 791 S.E.2d at 161 ("To safeguard this right, prospective jurors must be excused for cause when . . . the [circuit] court determines that the juror cannot be fair and impartial." (alterations by court) (quoting *Burke*, 393 S.C. at 53, 710 S.E.2d at 86)); S.C. Code Ann. § 14-7-1020 (2017) (providing a court should disqualify a juror "[i]f it appears to the court that the juror is not indifferent in the cause"); *Abofreka v. Alston Tobacco Co.*, 288 S.C. 122, 125, 341 S.E.2d 622, 624 (1986) ("The decision [to disqualify a juror] is within the sound discretion of the [circuit court]."); *State v. Spann*, 279 S.C. 399, 402, 308 S.E.2d 518, 520 (1983) ("A juror's competence is within the [circuit court]'s sole discretion and is not reviewable on appeal unless wholly unsupported by the evidence."); *State v. Franklin*, 267 S.C. 240, 247-48, 226 S.E.2d 896, 898-99 (1976) (finding the circuit court did not abuse its discretion in refusing to excuse a juror who stated he "had formed an opinion which would require evidence to remove" when upon further questioning "he stated that notwithstanding [that] opinion, he could give both the State and the defendant a fair and impartial trial according to the law and the evidence").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.