**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Roy Gene Sutherland, Appellant.

Appellate Case No. 2018-002148

———————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-180
Submitted April 1, 2021 – Filed May 19, 2021

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Michael Douglas Ross, all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

———————

**PER CURIAM:** Roy Gene Sutherland appeals his conviction and life sentence for murder and possession of a weapon during the commission of a violent crime. On appeal, Sutherland argues the circuit court erred by refusing to dismiss the entire jury pool when the State, prior to jury selection, allowed family members and friends of the victim to introduce themselves to the jury pool and note their affiliation with a church. We affirm pursuant to Rule 220(b) of the South Carolina Appellate Court Rules.

The circuit court did not abuse its discretion in refusing to excuse the entire jury pool because evidence supports the circuit court's determination that William Lawrence Ashcraft's statement did not harm or prejudice Sutherland. Ashcraft's statement that he was a church deacon and the victim's relative's Sunday school teacher could not have had any bearing on the impartiality of the jury in light of the fact that his statement did not concern the victim and the victim's relative did not testify at trial. *See State v. Coaxum*, 410 S.C. 320, 327, 764 S.E.2d 242, 245 (2014) ("All criminal defendants have the right to a trial by an impartial jury." (quoting *State v. Woods*, 354 S.C. 583, 587, 550 S.E.2d 282, 284 (2001))); S.C. Code Ann. § 14-7-1020 (2017) (stating a court shall disqualify a juror "[i]f it appears to the court that the juror is not indifferent in the cause"); *Abofreka v. Alston Tobacco Co.*, 288 S.C. 122, 125, 341 S.E.2d 622, 624 (1986) ("The decision [to disqualify a juror] is within the sound discretion of the [circuit court]."); *State v. Spann*, 279 S.C. 399, 402, 308 S.E.2d 518, 520 (1983) ("A juror's competence is within the [circuit court]'s sole discretion and is not reviewable on appeal unless wholly unsupported by the evidence."); *Coaxum*, 410 S.C. at 327, 764 S.E.2d at 245 ("To protect both parties' right to an impartial jury, the [circuit] court must conduct voir dire of the prospective jurors to determinate whether the jurors are aware of any bias or prejudice against a party, as well as to 'elicit such facts as will enable [the parties] intelligently to exercise their right of peremptory challenge.'" (second alteration in original) (quoting *Woods*, 354 S.C. at 587, 550 S.E.2d at 284)).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.