22737

MOHASCO CORPORATION, DIXIANA MILL DIVISION, Employer, and Twin City Fire Insurance Company, Carrier, of whom Mohasco Corporation, Dixiana Mill Division, Employer is, Respondent v. Mable Hayes RISING, Employee and Margaret Louise Page, Employee, Petitioners.

(357 S. E. (2d) 456)

Supreme Court

*Ken Suggs* of *Ken Suggs-Mike Kelly Lawyers, P.A.*, Columbia, *for petitioners.*

*R. W. Dibble* and *Celeste T. Jones*, both of the *McNair Law Firm* and *Constangy, Brooks & Smith*, Columbia, and *Coleman, Aiken & Chase*, Florence, *for respondent.*

Heard May 6, 1987.

Decided June 8, 1987.

GREGORY, Justice:

This worker's compensation case is before us on a writ of certiorari to the Court of Appeals for review of its opinion reported at 289 S. C. 130, 345 S. E. (2d) 249 (Ct. App. 1986). We reverse.

Petitioners were both employed by respondent (Mohasco) for a period of twenty-six years in Mohasco's carpet manufacturing mill. Throughout their employment, petitioners were exposed to dust and lint from cotton or synthetic fibers. Both contracted chronic obstructive lung disease and became totally disabled.

Petitioners filed claims for workers's compensation benefits. The Hearing Commissioner awarded total disability benefits for an occupational disease. S. C. Code Ann. § 42-11-10 (1985). Both the Industrial Commission and the Circuit Court affirmed on appeal. The Court of Appeals, however, remanded for a finding whether petitioners' disease was "caused by a hazard recognized as peculiar to a particular trade, process, occupation or employment." This language is taken directly from the statutory definition of an "occupational disease" found in § 42-11-10.

On the record before us, we find remand unnecessary. The Hearing Commissioner found petitioners' lung disease was caused by hazards greater than those incident to ordinary employment. This finding was based on testimony that dust and lint were continuously visible in the air at petitioners' work stations and became especially thick after the machines were "blown off" during each shift. It was common for employees to find dust and lint beneath their underclothes and in their hair. The Commissioner concluded petitioners' lung disease was peculiar to their employment because it was caused by this excessive exposure to dust and lint in their work environment.

The Court of Appeals agreed with these findings but found lacking a finding that petitioners had proved the hazard that caused their disease was recognized as peculiar to their employment. We disagree that such a finding is required under § 42-11-10.

The industrial Commission's recognition of chronic obstructive lung disease as peculiar to petitioners' occupation is implicit in its affirmance of the Commissioner's findings that the disease was peculiar to their employment and was caused by on-the-job hazards greater than those ordinarily incident to employment. *See Underwood v. National Motor Casings Division,* 329 Mich. 273, 45 N. W. (2d) 286 (1951) (peculiar means only that conditions of employment result in a hazard which distinguishes the employment from the general run of occupations); *Booker v. Duke Medical Center,* 297 N. C. 458, 256 S. E. (2d) 189 (1979) (peculiar to employment does not mean unique, but only that employment increased the risk). *See also* 1B Larson's Workmen's Compensation Law § 41.42 (1986) (collecting cases recognizing that ordinary diseases may be occupational diseases if produced or aggravated by distinctive conditions of employment). We hold the recognizing body is the Industrial Commission for purposes of satisfying the requirement of § 42-11-10 that the disease be recognized as peculiar to the employment in order to qualify as an occupational disease.

Accordingly, the remand by the Court of Appeals is reversed and the order of the Circuit Court is adopted as the final judgment in this case.

Reversed.

NESS, C. J., HARWELL and FINNEY, JJ., and Acting Associate Justice BRUCE LITTLEJOHN, concur.