1156

James H. DIXON, Employee, Respondent v. NUCOR STEEL CORPORATION, Employer, and Aetna Casualty and Surety, Carrier, Appellants.

(368 S. E. (2d) 680)

Court of Appeals

*Mary Layton Wells*, of *Hyman, Morgna, Brown, Jeffords, Rushton & Hatfield*, and *Alvin A. Coleman, Jr.*, of *Coleman, Aiken & Chase*, Florence, *for appellants.*

*Roger E. Henderson,* Chesterfield, and *Eugene Hugains,* Bennettsville, *for respondent.*

Heard April 11, 1988.

Decided May 9, 1988.

SHAW, Judge:

This is an appeal from an award of the South Carolina Workers' Compensation Commission. Appellants, Nucor Steel Corporation and Aetna Casualty and Surety, hereinafter employer, appeal from an award of the single commissioner in favor of respondent, James H. Dixon. The full Commission and the circuit court upheld the award. We affirm.

Dixon worked as a welder for Nucor Steel Corporation for approximately fifteen years. He worked in an enclosed, poorly ventilated area with a hood over his head welding material soaked in various chemical solvents. Dixon began having severe respiratory problems and in November of 1983 he ceased work on the advice of his physician. He then filed a workers' compensation claim alleging he suffered from an occupational disease, chronic obstructive pulmonary disease (COPD).

At the hearing, Dixon testified and offered the testimony of his personal physician, Dr. John M. Wilson, and a physician of internal medicine specializing in pulmonary diseases, Dr. Barbara Winn. The employer offered the testimony of several Nucor Steel Corporation employees and Dr. Robert Galphin, a specialist in pulmonary medicine. Based upon the testimony, the single Commissioner found Dixon suffered an occupational disease of COPD from breathing dust and chemical fumes while welding for the employer. The Commissioner found Dixon to be permanently and totally disabled and awarded Dixon $254.38 per week for a period not to exceed 500 weeks from the date of disability. The Commissioner further ordered the employer to pay all of Dixon's past and future medical expenses.

The employer first contends the case must be remanded as the Commission failed to make appropriate findings regarding Dixon's occupational disease as required by § 42-11-10 of the South Carolina Code of Laws, 1976.

Code Section 42-11-10 defines "occupational disease" as

> a disease arising out of and in the course of employment which is due to hazards in excess of those ordinarily incident to employment and is peculiar to the occupation in which the employee is engaged. A disease shall be deemed an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation or employment as a direct result of continuous exposure to the normal working conditions thereof.

In *Mohasco Corp., Dixiana Mill Div. v. Rising*, 289 S. C. 130, 345 S. E. (2d) 249 (Ct. App. 1986), hereinafter *Mohasco I*, this court was faced with a similar case. We there laid out six elements required to make a finding a claimant was entitled to workers' compensation benefits for having contracted an occupational disease. They are as follows:

> 1. A disease;
> 2. The disease must arise out of and in the course of the claimant's employment;
> 3. The disease must be due to hazards in excess of those hazards that are ordinarily incident to employment;
> 4. The disease must be peculiar to the occupation in which the claimant was engaged;
> 5. The hazard causing the disease must be one recognized as peculiar to a particular trade, process, occupation or employment; and
> 6. The disease must directly result from the claimant's continuous exposure to the normal working conditions of the particular trade, process, occupation, or employment.

In reviewing the Commissioner's order in *Mohasco I*, this court determined there were findings on all of the elements except for the fifth, that is, whether the hazard causing the disease was recognized as peculiar to a particular trade, process, occupation or employment. This court thus reversed and remanded the case for a determination under the fifth element.

In *Mohasco Corp., Dixiana Mill Div. v. Rising*, 292 S. C. 489, 357 S. E. (2d) 456 (1987), hereinafter *Mohasco II,* our Supreme Court granted the claimants' petition for a writ of certiorari and reversed the decision to remand in *Mohasco I.* The Supreme Court held that the Commission need not make an express finding that claimants proved the hazard that caused their disease was recognized as peculiar to their employment. There it was stated:

> The Industrial Commission's recognition of chronic obstructive lung disease as peculiar to petitioners' occupation is implicit in its affirmance of the Commissioner's findings that the disease was peculiar to their employment and was caused by on-the-job hazards greater than those ordinarily incident to employment.

*Mohasco II*, 357 S. E. (2d) at 457, 458. The Supreme Court went on to hold "the recognizing body is the Industrial Commission for purposes of satisfying the requirement of § 42-11-10 that the disease be recognized as peculiar to the employment in order to qualify as an occupational disease." *Id.* at 458.

We find the Commissioners specifically addressed elements one, two, three and six. Elements four and five were addressed sufficiently for us to determine the Commission considered them in making the decision.[1] Further, upon our review of the record, the evidence supports their findings Dixon was entitled to benefits for his occupational disease.

We hold all other issues raised in this case are manifestly without merit and are therefore affirmed under § 14-8-250 South Carolina Code of Laws (Supp. 1987).

Affirmed.

BELL and GOOLSBY, JJ., concur.

---

[1] We hereby caution and urge Commissioners to structure and draft opinions of this kind with completeness of all elements involved to resolve any doubt as to the result reached.