24046

Rosemary ADAMS, Appellant v. RICE SERVICES, Employer, and Liberty Mutual Insurance Co., Carrier, Respondents.

(443 S.E. (2d) 391)

Supreme Court

*Preston F. McDaniel*, Columbia, *for appellant.*

*Pope D. Johnson, III*, Columbia, *for respondents.*

Heard Mar. 3, 1994.

Decided Apr. 4, 1994.

FINNEY, Justice:

The sole issue in this appeal is whether there is substantial evidence to support the Full Commission's finding that respondents (Employer) are entitled to stop appellant's temporary total disability payments. Finding no evidence that Employer complied with 25 S.C. Code Ann. Reg. 67-10 (1989), which sets forth the requirements for an employer's request to stop payments, we reverse.

Appellant injured her back while employed as a cafeteria worker and, by agreement, began receiving temporary total disability benefits. Employer filed a Form 21 Application to Stop Payments. It is undisputed that appellant was unable to return to her former job, and that at the time of the hearing, no other work had been offered to her. There is no contention she has refused medical treatment. South Carolina Code Ann. § 42-9-260 (1985) authorizes the Commission to "provide by rule the method and procedure by which benefits may be suspended or terminated. . . ." Rule 67-10[1] was adopted pursuant to this statute. It provides, in pertinent part:

> In the event the insurance carrier or employer desires to stop payment . . . [it] shall file . . . a request for permission to discontinue compensation payments . . . [which] shall be accompanied by a proper medical certificate to certify that the employee is able to return to the same job or other suitable job, and that such job has been provided by the employer, or that the employee has refused medical treatment.

The medical certificate filed by Employer does not state appellant is able to return to her same job or to another suitable job nor that such job has been provided for her. As noted above, there is no contention she refused medical treatment.

---

[1] This rule has since been replaced by Rule 67-507.

In this case, not only did the medical certificate fail to comply with the terms of Rule 67-10, but Employer offered no evidence at the hearing that it had complied.

The single commissioner found Employer failed to comply with the rule and failed to present evidence it was entitled to stop payment of benefits to appellant. The Full Commission purported to reweigh the evidence and, by a vote of four to two, held Employer was entitled to stop payment. The circuit court found substantial evidence supported this decision and affirmed.

This case does not present a situation where there is conflicting evidence, but rather one where there is no evidence of Employer's compliance with Rule 67-10. The Full Commission erred in permitting Employer to stop payments. *See Marr v. City of Columbia,* — S.C. —, 432 S.E. (2d) 493 (Ct. App. 1993). In light of this error, we need not reach the other issues raised by appellant. The circuit court's order upholding the Full Commission is

Reversed.

CHANDLER, Acting C.J., TOAL and MOORE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.