2309

LIBERTY MUTUAL INSURANCE COMPANY, Respondent v. SOUTH CAROLINA SECOND INJURY FUND, Appellant. (In Re: Martha Ann Beacham, Employee v. Milliken & Company, Employer, and Liberty Mutual Insurance Company, Carrier.)

(455 S.E. (2d) 202)

Court of Appeals

*Chief Counsel Brooks Shealy,* of *S.C. Second Injury Fund,* Columbia, *for appellant.*

*Raymond A. Tate, Jr.,* of *Doyle & O'Rourke,* Anderson, *for respondent.*

Heard Dec. 6, 1994.

Decided Feb. 27, 1995; Reh. Den. Apr. 3, 1995.

*Per Curiam:*

The circuit court, affirming the order of the full commission, awarded reimbursement to Liberty Mutual Insurance Company from the South Carolina Second Injury Fund. The Second Injury Fund appeals. We affirm.

On March 25, 1985, Claimant Martha Ann Beacham suffered an accident on the job while working for Milliken. Claimant received medical treatment and workers' compensation benefits. Respondent timely notified Appellant of this accident. Claimant returned to work, but was periodically absent and received temporary total benefits during these times.

Claimant's compensation rate for the March 25, 1985, accident was $101.71. Claimant again became unable to work on May 5, 1985. Respondent renewed Claimant's temporary total benefits at her March 25, 1985, compensation rate. At that time, Respondent had no knowledge of an alleged new injury taking place on May 5, 1989 and attributed Claimant's absence to her previous accident.

On December 11, 1989, Claimant notified the Workers' Compensation Commission that she had sustained a new injury on May 5, 1989. Respondent then filed a Form 12-A with the Commission on December 13, 1989, acknowledging Claimant's claim of a second injury. Respondent filed a Form 51 on August 2, 1990, denying a second accident occurred on May 5, 1989. By Consent Order dated October 17, 1990, Respondent and Claimant agreed that a new accident had occurred on May 5, 1989, and adjusted Claimant's compensation rate to $145.09 to reflect her average weekly wage as of May 5, 1989.

Around July 15, 1991, Respondent notified Appellant of the new accident. Thirty-eight (38) weeks had passed since the Consent Order was filed.

Appellant denied Respondent's claim for reimbursement pursuant to S.C. Code Ann. § 42-9-400(a) and (f) (1985). Specifically, Appellant denied Claimant's disability was substantially increased by the combination of a prior back surgery and the subsequent injury of May 5, 1989, and denied it was properly notified of the claim. The single commissioner found Appellant was timely notified, and ordered Appellant to reimburse Respondent. The full commission and the circuit court affirmed.

The appellate court has the power upon review to reverse or modify a decision if the findings and conclusions of the administrative agency are clearly erroneous in view of the reliable and substantial evidence on the whole record. S.C. Code Ann. § 1-23-380(g) (1986).

S.C. Code Ann. § 42-9-400(f) (1985) states:

> An employer or his carrier shall notify the Industrial Commission and the Director of the Second Injury Fund in writing of any possible claim against the fund as soon as practicable but in no event later than after the payment of the first seventy-eight weeks of compensation.

Failure to comply with the provisions of this subsection shall bar an employer or his carrier from recovery from the fund.

We agree with the Commission the payments that ▓▓ began immediately after the May 5, 1989 incident were merely a continuation of payments which had began after the first accident which Respondent was required to pay. Appellant was already on notice regarding the March 25, 1985 claim. It would be nonsensical to require Respondent to again put Appellant on notice for a second accident before it even knew a second accident had occurred. The existence of a second accident was not established until the October 17, 1990 order. Respondent notified Appellant thirty-eight (38) weeks later in July, 1991. Therefore, we find Respondent timely notified Appellant in accordance with S.C. Code Ann. § 42-9-400(f).

S.C. Code Ann. § 42-9-400(a) (1985) provides in pertinent part:

> If an employee who has a permanent physical impairment from any cause or origin incurs a subsequent disability from injury by accident arising out of and in the course of his employment, resulting in compensation and medical payments liability or either, for disability that is substantially greater, by reason of the combined effects of the preexisting impairment and subsequent injury or by reason of the aggravation of the preexisting impairment, than that which would have resulted from the subsequent injury alone, the employer or his insurance carrier shall in the first instance pay all awards of compensation and medical benefits provided by this Title; but such employer or his insurance carrier shall be reimbursed from the Second Injury Fund as created by § 42-7-310 for compensation and medical benefits.

Claimant suffered a back injury on March 25, 1985. As a result, she was occasionally absent from work and intermittently paid temporary total benefits. Nevertheless, she had been working until the second back injury occurred on May 5, 1989, at which time she was forced to leave work.

The circuit court held:

While the single hearing commissioner's Order apparently does not specifically find as a fact that the two injuries combined and resulted in a greater disability, it certainly is inherent in the record. That is, the Claimant had been working prior to the May 5, 1989 injury and from the record was out at least more than one hundred thirteen (113) weeks after that injury. Based on that evidence, this Court deems in unnecessary to remand this case to the Workers' Compensation Commission for a finding of that fact.

We agree with the circuit court's conclusion. In *Mohasco Corp., Dixiana Mill Div. v. Rising*, 289 S.C. 130, 345 S.E. (2d) 249 (Ct. App. 1986), this court reversed and remanded a workers' compensation case back to the Commission for lack of an express finding of one of the six elements necessary to show a compensable occupational disease. The Supreme Court reversed the Court of Appeals holding the Commission need not make an express finding of all the elements. *Mohasco Corp., Dixiana Mills Div. v. Rising*, 292 S.C. 489, 357 S.E. (2d) 456 (1987). We find sufficient evidence in the record to determine the Commission considered whether the two injuries combined and resulted in a greater disability in making its decision. *See Dixon v. Nucor Steel Corp.*, 295 S.C. 387, 368 S.E. (2d) 680 (Ct. App. 1988).

Affirmed.

SHAW, CURETON and GOOLSBY, JJ., concur.