24300

J. Carlene FOX, Respondent v. NEWBERRY COUNTY MEMORIAL HOSPITAL, Employer, and Palmetto Hospital Trust, Carrier, Petitioners.

(461 S.E. (2d) 392)

Supreme Court

*Lane H. Sims, Jr.* and *Andrew F. Lindemann,* both of *Ellis, Lawhorne, Davidson & Sims,* Columbia, *for petitioners.*

*Everett Hope Garner,* of *Holler, Olive, Lengel & Garner,* Columbia, *for respondent.*

Submitted July 3, 1995.

Decided Aug. 21, 1995.

*Per Curiam:*

This matter is before the Court on a petition for a writ of certiorari seeking review of the Court of Appeals' decision in *Fox v. Newberry County Memorial Hospital,* 316 S.C. 537, 451 S.E. (2d) 28 (Ct. App. 1994). We deny certiorari as to Question V. We grant the writ of certiorari as to petitioners' Question I, dispense with further briefing, reverse the portion of the Court of Appeals' decision finding that herpetic whitlow is an occupational disease, and remand to the Workers' Compensation Commission. Certiorari is denied on Questions II through IV, as our disposition of Question I makes them moot.

Respondent filed a claim with the Workers' Compensation Commission alleging that she contracted a disease known as herpetic whitlow during her employment as a nurse at Newberry County Memorial Hospital. Petitioners denied compensation, asserting the condition was not work related. The single Commissioner found the herpetic whitlow to be an occupational disease and awarded respondent compensation. The full Commission affirmed.

On appeal to the Circuit Court, petitioners argued, as one of their 45 grounds for appeal, that the Commission erred in failing to make specific findings of fact regarding the six elements respondent needed to prove the existence of an occupational disease. In its order, however, the Circuit Court found that there were essentially two issues that needed to be addressed: (1) whether there was reliable, probative, and substantial evidence in the record to support the Commission's finding of a compensable occupational disease; and (2) whether the full Commission erred in allowing into evidence a medical treatise entitled "Herpetic Whitlow." He found that there was not sufficient evidence to support the Commission's finding of a compensable occupational disease and that the Commission erred in considering the medical treatise; therefore, he reversed the finding of the Commission.

The Court of Appeals held that the record amply supports the Commission's findings on each of the six elements necessary to prove the existence of an occupational disease and reversed the order of the Circuit Court. Petitioners argue, however, that the Commission never made findings of fact on each of the six elements and that the Court of Appeals erred in substituting its findings of fact for those of the Commission. We agree.

The duty to determine facts is placed solely on the Commission and the court reviewing the decision of the Commission has no authority to determine factual issues but must remand the matter to the Commission for further proceedings. *Drake v. Raybestos-Manhattan, Inc.*, 241 S.C. 116, 127 S.E. (2d) 288 (1962). The reviewing court may not make findings of fact as to basic issues of liability for compensation, where, to do so, would impose upon the court the function of determining such facts from conflicting evidence. *Id.*

In *Mohasco Corp., Dixiana Mill Div. v. Rising*, 289 S.C. 130, 345 S.E. (2d) 249 (Ct. App. 1986), *rev'd on other grounds*, 292 S.C. 489, 357 S.E. (2d) 456 (1987) (*Mohasco I*), the Court of Appeals set forth the following six elements that must be proven in order for a claimant to receive Workers' Compensation benefits for having contracted an occupational disease:

1. A disease;
2. The disease must arise out of and in the course of the claimant's employment;
3. The disease must be due to hazards in excess of those hazards that are ordinarily incident to employment;
4. The disease must be peculiar to the occupation in which the claimant was engaged;
5. The hazard causing the disease must be one recognized as peculiar to a particular trade, process, occupation, or employment; and
6. The disease must directly result from the claimant's continuous exposure to the normal working conditions of the particular trade, process, occupation, or employment.

In *Mohasco I*, the Court of Appeals determined that the Commission had made findings of fact on all of the elements of an occupational disease *except* the fifth, that is, whether the hazard causing the disease was recognized as peculiar to a particular trade, process, occupation or employment. The case was, therefore, remanded for a determination under the fifth element.

This Court, however, granted certiorari to review the decision in *Mohasco I*, and reversed the decision to remand. The Court held that the Commission need not make an express finding that the claimants proved the hazard that caused their disease was recognized as peculiar to their employment because such a finding was implicit in its findings on the remaining elements. *Mohasco Corp., Dixiana Mill Div. v. Rising*, 292 S.C. 489, 357 S.E. (2d) 456 (1987) (*Mohasco II*).

In a later case, *Dixon v. Nucor Steel Corp.*, 295 S.C. 387, 368 S.E. (2d) 680 (Ct. App. 1988), the Court of Appeals found that the Commission specifically addressed elements one, two, three and six, and that elements four and five were addressed sufficiently for the Court of Appeals to determine that the Commission considered them in making its decision. Accordingly, the Court of Appeals went on to find that the evidence in the record supported the finding that the claimant, a welder with chronic obstructive pulmonary disease, was suffering from an occupational disease. However, the Court of Appeals cautioned and urged the Commissioners to structure and

draft orders of this kind with *completeness of all elements involved* to resolve any doubt as to the result reached.

In this case, however, we find that the Court of Appeals erred in not remanding the matter to the Commission for further findings of fact on the elements set forth in *Mohasco I, supra.* Here, unlike *Mohasco* and *Dixon*, there were too many factual disputes and too many elements which were not addressed to support a conclusion that the Commission made implicit findings.

For instance, the Commissioner never acknowledged that there were six elements that a claimant must prove to recover benefits for contraction of an occupational disease. It can be assumed that he found that herpetic whitlow is a disease, although that was never specifically stated. It can also be assumed that the Commissioner's statement "[respondent's] condition of herpetic whitlow is found to be work related . . ." is sufficient to meet element two, which is that the disease must arise out of and in the course of the claimant's employment. However, the remaining four elements are not addressed at all. While the Commissioner defines the term "peculiar to the occupation," he never made any factual findings regarding that element. Nor did he address the conflicting testimony provided by two experts as to whether herpetic whitlow is peculiar to the medical profession. Therefore, even if it is assumed that he found that herpetic whitlow is peculiar to the medical profession, it is impossible to know what facts he relied upon.

Accordingly, the merits of this issue should have never been addressed by the Circuit Court or the Court of Appeals, but instead the case should have been remanded to the Commission for findings of fact on the six elements set forth in *Mohasco, supra.* We therefore reverse, in part, the opinion of the Court of Appeals and remand this matter to the Workers' Compensation Commission to make appropriate findings of fact.

Reversed in part and remanded.