24422

LIBERTY MUTUAL INSURANCE COMPANY, Respondent v.
SOUTH CAROLINA SECOND INJURY FUND, Petitioner.
(470 S.E. (2d) 855)

Supreme Court

*Chief Counsel Brooks Shealy,* of the *South Carolina Second Injury Fund,* Columbia, *for petitioner.*

*Raymond A. Tate, Jr.,* of *Doyle & O'Rourke,* of Anderson, *for respondent.*

Heard Mar. 20, 1996.

Decided May 13, 1996.

### ON WRIT OF CERTIORARI TO
### THE COURT OF APPEALS

FINNEY, Chief Justice:

We granted certiorari to review the Court of Appeals' decision in *Liberty Mutual Ins. Co. v. South Carolina Second In-*

*jury Fund,* 317 S.C. 553, 455 S.E. (2d) 202 (Ct. App. 1995). We find no evidence that the claimant's second injury combined with her first resulted in greater disability than would have resulted from the second injury alone, and reverse.

Claimant suffered a compensable back injury in March 1985. She returned to work, but was sporadically unable to work after that and received temporary total benefits during these periodic absences. In May 1989 she suffered a second compensable back injury and did not return to work for at least 113 weeks. Respondent (Carrier), Claimant's employer's compensation carrier, sought to require petitioner Second Injury Fund (Fund) to reimburse it for payments made to Claimant after the second accident.

The Fund denied reimbursement on two grounds: (1) that Carrier's notice to Fund was untimely under S.C. Code Ann. § 42-9-400(f) (1985) and (2) there was no evidence that the two accidents combined and resulted in greater disability than would have resulted from the second injury alone, a prerequisite for Fund liability under § 42-9-400(a) (1985). The Commission found for Carrier on both issues, and the circuit court and Court of Appeals affirmed. *Liberty Mutual Ins. Co. v. S.C. Second Injury Fund, supra.* We denied Fund's petition for a writ of certiorari on the timeliness issue, but granted it on the § 42-9-400(a) evidentiary issue.

The record shows only that both compensable injuries were to the Claimant's back, and that, as of the date of the hearing, she had not returned to work following the second accident. It is devoid of any expert or lay testimony or documentary evidence regarding the exact nature of Claimant's injuries or her degree of disability or impairment. While the record is sufficient to support a finding that the Claimant's degree of disability was greater after the second accident than it was following the first, there is no evidentiary basis to support the conclusion that the Claimant's disability resulted from the combination of the two injuries. The mere fact that the claimant does not return to work after the second injury is not, in and of itself, sufficient to create an inference that the greater disability is the result of the combination of injuries. As the Fund points out, it is just as reasonable to infer the second accident alone caused claimant not to be able to return to work.

The Fund is not liable simply because a worker with a preexisting condition is disabled by a second accident. Rather, liability exists only where the combination of the preexisting condition and second injury result in substantially greater disability than would have resulted from the second injury alone. *Liberty Mutual Insurance Co. v. South Carolina Second Injury Fund*, 318 S.C. 516, 458 S.E. (2d) 550 (1995); § 42-9-400(a). There is simply no evidence of any "combined effect" here, and the decision below must be reversed. *Adams v. Rice Services*, 313 S.C. 488, 443 S.E. (2d) 391 (1994). Accordingly, the requirement that the Fund reimburse the Carrier is

Reversed.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.