THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Delphine Mitchell, Appellant,
v.
Florence County School District #1, Employer, and South Carolina School Board Insurance Trust, Carrier,
Respondents.
 
 
 

Appeal from Florence County
 B. Hicks Harwell, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-417
Submitted November 1, 2006  Filed December 18, 2006

AFFIRMED

 
 
 
Stephen J. Wukela, of Florence, for Appellant.
Kay G. Crowe and Adrianne L. Turner, both of Columbia, for Respondents.
 
 
 

PER CURIAM:  Delphine Mitchell (Claimant) appeals the circuit courts order affirming the denial of workers compensation benefits.  Claimant argues the circuit courts decision was erroneous and should be reversed because:  (1) the First Appellate Panel failed to comply with section 1-23-350 of the South Carolina Code (2005); (2) the First Appellate Panel erred in finding she did not suffer an occupational disease; (3) the Second Appellate Panel lacked jurisdiction to find chemicals at her work did not cause her asthma; and (4) the Second Appellate Panel erred in finding chemicals at work did not cause her asthma.[1]  We affirm.[2]
FACTS
On August 1, 1999, Claimant began working as a custodian for Florence County School District #1 (Employer).  As part of her duties, she worked with various cleaning chemicals.  On March 25, 2001, Claimant admitted herself into Carolinas Hospital System because she had problems breathing.  Dr. Robert Richey, a physician specializing in internal medicine, diagnosed Claimant with asthma.  Dr. Richey also consulted Dr. Mark Bernard, a pulmonologist.  Dr. Bernard concurred with Dr. Richeys diagnosis of asthma.    
Claimant applied for temporary total disability benefits, arguing the cleaning chemicals caused her asthma.  Employer and the South Carolina School Board Insurance Trust (Carrier) contested coverage.  Commissioner Sherry Shealy Martschink heard the case, made detailed findings of fact, and determined the asthma was an occupational disease.  See S.C. Code Ann. § 42-11-10 (1985) (defining occupational disease).  The First Appellate Panel reversed, simply stating [b]ased on the evidence in the record and the medical evidence, Claimant has failed to prove an occupational disease.  The First Appellate Panel remanded the case to the jurisdictional commissioner for a hearing on the merits of whether this is an injury by accident.  Claimant appealed to the circuit court.  The Honorable James E. Brogdon, Jr., held the First Appellate Panels order was not immediately appealable and remanded the case to the commissioner.
On remand, Commissioner J. Michelle Childs took evidence and held the asthma was an injury by accident.  See S.C. Code Ann. § 42-1-160 (Supp. 2005) (defining injury by accident).  The Second Appellate Panel reversed, holding [t]here is no evidence in the record that the Claimants asthmas [sic] was caused by the inhalation of any chemicals at work.  There is no evidence that Claimants asthma arose out of the course and scope of her employment.  Claimant appealed the First Appellate Panels and Second Appellate Panels orders to the circuit court.  The Honorable B. Hicks Harwell, Jr., affirmed both appellate panels, and this appeal followed.  
DISCUSSION
I.
Claimant contends the circuit court erred in affirming the denial of workers compensation benefits because the First Appellate Panel failed to comply with section 1-23-350 of the South Carolina Code (2005).  Although we agree with Claimants contention, we find any error to be harmless.  
The relevant part of section 1-23-350 provides:

A final decision or order adverse to a party in a contested case shall be in writing or stated in the record.  A final decision shall include findings of fact and conclusions of law, separately stated.  Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

S.C. Code Ann. § 1-23-350 (2005).
Judge Harwell held section 1-23-350 did not apply to the First Appellate Panels order because that order was not final.  Alternatively, Judge Harwell held Judge Brogdon ruled the order was not final, and this ruling is the law of the case.
We do not believe Judge Brogdons ruling is dispositive of this issue.  Judge Brogdon clearly contemplated the First Appellate Panels order would become final, and thus appealable, after remand.  He held the finding of this Court [is] that the Order of the [First Appellate Panel] is not appealable at this time to the Circuit Court.  (emphasis added).  He further noted the remand for a hearing on the issue of injury by accident must occur before there is a final decision on the merits and [t]his Order in no way prejudices the Claimants right to appeal to this Court on both the issue of whether the Claimant has sustained an occupational disease . . . .  Under these circumstances, the First Appellate Panels order became a final order subject to section 1-23-350 after the Second Appellate Panel issued its order.  Therefore, we address the merits of this issue.  
In analyzing this issue, we are guided by our supreme courts decision in Fox v. Newberry County Meml Hosp., 319 S.C. 278, 279, 461 S.E.2d 392, 393 (1995).  In that case, Fox sought workers compensation benefits from her employer, claiming she contracted herpetic whitlow.  On appeal to the circuit court, the employer and insurance carrier argued the Workers Compensation Commission (the Commission) erred in failing to make specific findings of fact with respect to each of the elements comprising an occupational disease. 
Id. at 280, 461 S.E.2d at 393.  Our supreme court agreed, remanding the case to the Commission for an order addressing each of these elements.  Id. at 282, 461 S.E.2d at 395.
Turning to the instant case, the First Appellate Panel summarily held Claimant failed to prove an occupational disease.  Even though it cited Fox and listed the six elements of an occupational disease, it did not make findings of fact sufficient to allow this court to determine which of the elements the First Appellate Panel relied upon in reversing Commissioner Martschinks decision.  
Despite the First Appellate Panels failure to strictly comply with the mandate of Fox, we find, as will be evident from later discussion, that this error did not affect our final analysis and provides no basis for reversal.  Accordingly, we find the alleged error to be harmless.
II.
A. 
Clamant argues the circuit court erred in affirming the order of the Second Appellate Panel because the Second Appellate Panel lacked jurisdiction to determine whether the cleaning chemicals caused Claimants asthma.  Claimant interprets the First Appellate Panels order as a limitation on the jurisdiction of Commissioner Childs and, consequentially, the Second Appellate Panel.  Specifically, Claimant maintains the First Appellate Panels order adopted the findings of fact of Commissioner Martschink and reversed only her finding Claimants asthma was an occupational disease.  We disagree.  
In construing an order, the determinative factor is the intent of the judge who wrote it, as gathered not from an isolated part of the order, but from all parts thereof.  Whites Mill Colony, Inc. v. Williams, 363 S.C. 117, 124 n.1, 609 S.E.2d 811, 815 n.1 (Ct. App. 2005); OBanner v. Westinghouse Elec. Corp., 319 S.C. 24, 29, 459 S.E.2d 324, 327 (Ct. App. 1995).
Here, the First Appellate Panel clearly reversed Commissioner Martschinks decision and substituted its own findings of fact and conclusions of law.  This order cannot be read to adopt any of Commissioner Martschinks findings.  While Claimant relies on 25A S.C. Code Ann. Regs. 67-707 (Supp. 2005), for the proposition Commissioner Childs could only make legal conclusions on remand, we note this regulation only applies when the appellate panel requires additional evidence to complete its review or a party requests newly-discovered evidence be admitted.[3]  We hold the First Appellate Panels order did not limit Commissioner Childs ability to make findings of fact in ruling on whether Claimants asthma was an injury by accident.  A fortiori, the Second Appellate Panel also had jurisdiction to rule on this issue.
B.
Claimant argues that, even if the Second Appellate Panel had jurisdiction, the circuit court erred in affirming the Second Appellate Panels decision that the cleaning chemicals did not cause Claimants asthma.  We disagree.
Section 1-23-380(A)(6) of the South Carolina Code (2005)[4] governs our review of workers compensation decisions.  Baxter v. Martin Bros., Inc., 368 S.C. 510, 513, 630 S.E.2d 42, 43 (2006).  This courts review is limited to deciding whether the appellate panels decision is unsupported by substantial evidence or is controlled by some error of law.  Gadson v. Mikasa Corp., 368 S.C. 214, 221, 628 S.E.2d 262, 266 (Ct. App. 2006).  Accordingly, a reviewing court may not substitute its judgment for that of the appellate panel as to the weight of the evidence on questions of fact.  Clark v. Aiken County Govt, 366 S.C. 102, 107, 620 S.E.2d 99, 101 (Ct. App. 2005).  We further note the final determination of witness credibility and the weight to be accorded evidence is reserved to the appellate panel.  Sharpe v. Case Produce, Inc., 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999). 
In order to receive workers compensation benefits, Claimant must prove that she sustained an injury by accident arising out of and in the course of the employment. S.C. Code Ann. § 42-1-160 (Supp. 2005).  The term arose out of refers to the origin of the cause of the accident, while the term in the course of refers to the time, place, and circumstances under which the accident occurred.  Howell v. Pac. Columbia Mills, 291 S.C. 469, 471, 354 S.E.2d 384, 385 (1987).
Whether there is any causal connection between employment and an injury is a question of fact for the Commission.  Sharpe, 336 S.C. at 159, 519 S.E.2d at 105.  Because causation is a question of fact, the full commissions decision on the issue must be affirmed if it is supported by substantial evidence in the record. Shuler v. Gregory Elec., 366 S.C. 435, 440, 622 S.E.2d 569, 571 (Ct. App. 2005).
Therefore, we must affirm the Second Appellate Panels ruling unless it is clearly erroneous in view of the substantial evidence on the whole record.  Nettles v. Spartanburg Sch. Dist. #7, 341 S.C. 580, 586, 535 S.E.2d 146, 149 (Ct. App. 2000).  Substantial evidence is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.  Miller by Miller v. State Roofing Co., 312 S.C. 452, 454, 441 S.E.2d 323, 324-25 (1994) (quoting Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981)).  The substantial evidence rule does not allow judicial fact-finding, or the substitution of judicial judgment for agency judgment.  A judgment upon which reasonable men might differ will not be set aside.  Todds Ice Cream, Inc. v. South Carolina Employment Sec. Commn, 281 S.C. 254, 258, 315 S.E.2d 373, 375 (Ct. App. 1984).
Dr. Richey and Dr. Bernard saw Claimant several times from March 2001 to November 2001.  During this time, Claimant alternatively blamed steam from a dishwasher at her second job, dust from moving books at her custodial job, rain, and the cleaning chemicals for her asthma.  In addition, medical charts predating her custodial job indicate she experienced bronchospasms before working for Employer.  Furthermore, Dr. Richey testified he believed the asthma more than likely came from a virus and could have been triggered by cigarettes.  Claimant admitted to smoking.  
Both Dr. Richey and Dr. Bernard recommended Claimant not return to work because of the chemicals.  However, both later testified they made this recommendation out of an abundance of caution and not because they thought the chemicals caused or aggravated the asthma.  Moreover, the two doctors agreed almost anything could have caused the asthma.  Additionally, both testified the only way to tell the chemicals caused the asthma would be a pre-exposure and post-exposure test, which Claimant avoided taking.  Dr. Bernard testified he found no evidence the chemicals caused Claimants asthma.  However, Employer asked Claimant to see Dr. Steven Sahn, who testified the chemicals caused or worsened Claimants asthma.  
Although a contrary inference can be made, substantial evidence supports the Second Appellate Panels conclusion the cleaning chemicals did not cause Claimants asthma.  See Tiller v. Natl Health Care Ctr. of Sumter, 334 S.C. 333, 338, 513 S.E.2d 843, 845 (1999) (Where there is a conflict in the evidence, either by different witnesses or in the testimony of the same witness, the findings of fact of the Commission are conclusive.).  Moreover, this conclusion prevents Claimants recovery of temporary total disability benefits under either a theory of injury by accident or occupational disease.[5]  See Grady L. Beard et al., The Law of Workers Compensation Insurance in South Carolina 7-4 (4th ed. 2005) (Like the injuries by accident, occupational diseases must arise out of and arise in the course of claimants employment.  These phrases carry the same significance for occupational diseases as they do when they refer to injuries by accident.).  Therefore, we hold Claimant cannot recover on her theory of injury by accident or occupational disease.  See Rule 220(c), SCACR (The appellate court may affirm any ruling, order, or judgment upon any ground appearing in the Record on Appeal.); IOn, L.L.C. v. Town of Mount Pleasant, 338 S.C. 406, 418, 526 S.E.2d 716, 722 (2000) (noting the appellate court may affirm the trial court based on any ground found in the record).  
CONCLUSION
Although the First Appellate Panels order did not strictly comply with the requirements of section 1-23-350 of the South Carolina Code, we find any error to be harmless.  We hold the Second Appellate Panel had jurisdiction to determine cleaning chemicals did not cause Claimants asthma.  In addition, we find substantial evidence supports this finding.  Moreover, this finding prevents Claimant from recovering under theories of injury by accident or occupational disease.  Accordingly, the circuit courts order is 
 AFFIRMED.
 ANDERSON, HUFF, and BEATTY, JJ., concur.

[1]  As will be evident from the discussion of these issues, we have addressed them in a different order in the interest of clarity and brevity.
[2] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[3]  The regulation relied on by Claimant provides:

A. When additional evidence is necessary for the completion of the record in a case on review the Commission may, in its discretion, order such evidence taken before a Commissioner.
 
B. When a party seeks to introduce new evidence into the record on a case on review, the party shall file a motion and affidavit with the Commissions
Judicial Department.
 
C. The moving party must establish the new evidence is of the same nature and character required for granting a new trial and show:
(1) The evidence sought to be introduced is not evidence of a cumulative or impeaching character but would likely have produced a different result had the evidence been procurable at the first hearing; and
 (2) The evidence was not known to the moving party at the time of the first hearing, by reasonable diligence the new evidence could not have been secured, and the discovery of the new evidence is being brought to the attention of the Commission immediately upon its discovery.
 
 (a) File the motion and affidavit with proof of service as soon as the new evidence is discovered. The motion and affidavit may be filed with the Form 30.
(b) Serve the opposing party pursuant to R.67-215.
 (c) Oral argument will not be heard on the motion. The Commission will act upon the motion and issue an order
before the review hearing is held.
 (d) If the Commission grants the motion, the review hearing is stayed. The case will be remanded to the original Hearing Commissioner who may, unless otherwise provided, reconvene the hearing or admit the deposition of a witness into the record.
 (e) The original Hearing Commissioner will issue his or her findings and recommendations in the form of an order to the Commission and the parties.
 (f) Upon the receipt of the Commissioners order, the Judicial Department will reset the case on the review hearing docket.
 (g) If the Commission denies the motion, the case may remain on the review hearing docket unless otherwise provided.
 

25A S.C. Code Ann. Regs. 67-707 (Supp. 2005).
[4] Section 2 of Act No. 387, 2006 S.C. Acts 387 (the Act) amends section 1-23-380(A).  This amendment became effective on July 1, 2006.  However, this amendment does not substantively change our standard of review.
[5] Section 42-11-10 of the South Carolina Code defines occupational disease as follows:

The words occupational disease mean a disease arising out of and in the course of employment which is due to hazards in excess of those ordinarily incident to employment and is peculiar to the occupation in which the employee is engaged. A disease shall be deemed an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation or employment as a direct result of continuous exposure to the normal working conditions thereof.
 
 No disease shall be deemed an occupational disease when:
(1) It does not result directly and naturally from exposure in this State to the hazards peculiar to the particular employment;
(2) It results from exposure to outside climatic conditions;
(3) It is a contagious disease resulting from exposure to fellow employees or from a hazard to which the workman would have been equally exposed outside of his employment;
(4) It is one of the ordinary diseases of life to which the general public is equally exposed, unless such disease follows as a complication and a natural incident of an occupational disease or unless there is a constant exposure peculiar to the occupation itself which makes such disease a hazard inherent in such occupation;
(5) It is any disease of the cardiac, pulmonary or circulatory system not resulting directly from abnormal external gaseous pressure exerted upon the body or the natural entrance into the body through the skin or natural orifices thereof of foreign organic or inorganic matter under circumstances peculiar to the employment and the processes utilized therein; or
(6) It is any chronic disease of the skeletal joints.

S.C. Code Ann. § 42-11-10 (1985).
In order to receive workers compensation benefits for having contracted an occupational disease, Claimant must have proven the following six elements:  

1. A disease;

 2. The disease must arise out of and in the course of the claimants employment;
 
 3. The disease must be due to hazards in excess of those hazards that are ordinarily incident to employment;
 
 4. The disease must be peculiar to the occupation in which the claimant was engaged;
 
 5. The hazard causing the disease must be one recognized as peculiar to a particular trade, process, occupation, or employment; and
 
 6. The disease must directly result from the claimants continuous exposure to the normal working conditions of the particular trade, process, occupation, or employment.

Fox v. Newberry County Meml Hosp., 319 S.C. 278, 281, 461 S.E.2d 392, 394 (1995).