672 S.E.2d 805

**Maria A. HOLLINS, as parent and guardian ad litem of Jane Doe, a minor under the age of fourteen years, Appellant,**

v.

**WAL–MART STORES, INC., Respondent.**

**No. 4473.**

Court of Appeals of South Carolina.

Heard Oct. 8, 2008.

Decided Dec. 22, 2008.

Rehearing Denied Feb. 25, 2009.

---

David E. Massey, of Columbia, and M. David Scott, of Lexington, for Appellant.

Stephen G. Morrison, of Columbia, for Respondent.

HEARN, C.J.:

Maria Hollins appeals from a jury verdict in favor of Wal–Mart in this action for negligent hiring and retention. We affirm.

## FACTS

Ten-year-old Jane Doe accompanied her mother, Hollins, and sister to the Wal–Mart located on Forest Drive in Columbia. While her mother and sister shopped in another area of the store, Doe browsed through the merchandise in the electronics department. There, Randall, a Wal–Mart employee, touched Doe's private areas and began masturbating in her presence. As a result of this incident, Hollins commenced negligent hiring and retention claims against Wal–Mart on behalf of Doe.

The incident in question generated vast amounts of pre-trial media coverage. Recognizing this, the trial court implemented extraordinary procedures to ensure the selection of an impartial jury. In addition to performing its traditional function of questioning potential jurors during general qualification, the trial court also required potential jurors to complete questionnaires. Additionally, the court permitted counsel to conduct extended voir dire of the potential jurors.

During general qualification, the trial court asked whether a relationship existed between the potential jurors and counsel for the parties. Juror B, an attorney, acknowledged she opposed Hollins' counsel in a previous proceeding. However, Juror B affirmed she could still be fair and impartial. Hollins' counsel asked the trial court to strike Juror B for cause and requested permission to question her about this matter. The trial court noted Juror B already indicated she could be fair and impartial. Counsel for Hollins made no objection to the denial of further voir dire and began discussing the next juror.

In her questionnaire, Juror D acknowledged her brother worked at the Wal–Mart where the incident occurred. Because of this, the trial court permitted counsel for Hollins to conduct additional voir dire of Juror D. In her dialogue with Hollins' counsel, Juror D explained she had not discussed the lawsuit with her brother; furthermore, she stated she possessed no knowledge of the lawsuit whatsoever. Finally,

Juror D affirmed her brother's employment at Wal–Mart would not affect her ability to be fair and impartial. Subsequently, Hollins' counsel moved to dismiss Juror D for cause. The trial court denied the request.

After jury selection, Juror B informed the trial court that a partner in her firm's Charleston office had previously represented Wal–Mart in a class action lawsuit. The trial court posed several questions to Juror B in light of this discovery. Juror B responded by noting she never worked in the Charleston office, did not personally work on the case, and her firm no longer represented Wal–Mart. Again, Juror B acknowledged she could still be fair and impartial. Hollins failed to seek additional voir dire of Juror B; instead, Hollins simply moved to strike Juror B for cause. The trial court denied this request.

On two previous occasions, Randall exposed himself to young girls while working for Wal–Mart. The first incident was revealed to the jury during Francis Parker's testimony. Parker testified Randall exposed himself to her sixteen-year-old daughter in JD's Beauty Supply Store, situated across from the Forest Drive Wal–Mart. After the incident, Parker informed the assistant manager at Wal–Mart and another store employee of Randall's actions. The second incident concerned Randall's arrest outside of a different Columbia-area Wal–Mart. Hollins attempted to introduce this evidence through the testimony of Sergeant William Connors. However, the trial court excluded Sgt. Connors' testimony as irrelevant. In the trial court's view, Hollins failed to connect the incident with any evidence tending to demonstrate Wal–Mart's actual or constructive knowledge of the arrest.

According to Sgt. Connors' deposition, two young girls and their mother informed him that Randall exposed himself to the girls. Thereafter, Sgt. Connors arrested Randall on the edge of the Wal–Mart location without capturing the attention of on-lookers or Wal–Mart employees. Sgt. Connors placed Randall inside his unmarked patrol car until one City of Columbia squad car and one unmarked car arrived on the scene. At that time, Sgt. Connors transferred custody of Randall to the City of Columbia. Sgt. Connors stated no sirens or flashing lights were used, and no employee from

Wal–Mart arrived on the scene. Although Randall worked at the Wal–Mart located on Forest Drive, he was not working when he was arrested and was dressed in plain clothes. Thus, Wal–Mart was not contacted about the arrest. Thereafter, Randall asked for and received a leave of absence from Wal–Mart, offering no reason for his request.

The jury returned a verdict in favor of Wal–Mart. Hollins filed timely written post-trial motions seeking a new trial absolute and/or judgment notwithstanding the verdict (JNOV). In these motions, Hollins claimed the trial court denied her right to a fair and impartial jury and erroneously excluded the testimony of Sgt. Connors. The trial court issued a written order denying Hollins' post-trial motions on August 3, 2006. On August 17, Hollins submitted a motion to reconsider, alter, and amend the order pursuant to Rule 59(e), SCRCP. In this Rule 59(e) motion, Hollins primarily noted small disagreements with the manner in which the trial court characterized portions of its order. In addition, she asked the court to reconsider its previous order denying her motion for a new trial/JNOV. The trial court denied Hollins' motion in writing on November 2, noting she "raises no additional legal or factual basis for amending my order of August 3, 2006." This appeal followed with the service of Hollins' notice of appeal on November 29, 2006.[1]

## STANDARD OF REVIEW

The manner and scope of voir dire is largely within the discretion of the trial judge. *State v. Patterson*, 324 S.C. 5, 16, 482 S.E.2d 760, 765 (1997). "On appeal, this court will rely on the judgment of the trial judge who is able to observe the character and demeanor of the jurors, unless the record firmly establishes an abuse of discretion." *Creighton v. Coligny Plaza Ltd. P'ship*, 334 S.C. 96, 109, 512 S.E.2d 510, 517 (Ct.App.1998). The exclusion of evidence is within the sound

---

1. Wal–Mart contends Hollins' August 17 motion did not toll the time for appeal; therefore, service of her notice of appeal was untimely. We believe a close question is presented in this evolving area of the law. *See Matthews v. Richland County Sch. Dist. One*, 357 S.C. 594, 594 S.E.2d 177 (Ct.App.2004), *overruled by Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 602 S.E.2d 772 (2004). Accordingly, we reach the merits of this appeal.

discretion of the trial court. *Fields v. Reg'l Med. Ctr. Orangeburg,* 363 S.C. 19, 25, 609 S.E.2d 506, 509 (2005). The court's decision will not be disturbed on appeal absent an abuse of discretion. *Id.*

## LAW/ANALYSIS

a. *Juror Issues*

■ Hollins alleges the trial court abused its discretion by not allowing her to conduct extensive voir dire of Juror B on two separate occasions. The first incident occurred when Juror B disclosed she opposed counsel for Hollins in prior litigation. The second incident occurred when Juror B informed the court that a member of her law firm previously represented Wal–Mart in a class action lawsuit.

These arguments are not preserved for appeal. After Juror B disclosed she opposed counsel for Hollins in prior litigation, Hollins accepted the trial court's denial of additional voir dire without objection. After the court made its ruling, Hollins stated "[a]ll right, we won't—Okay," and immediately began discussing the next juror. No objection was made to the denial of further voir dire. Because Hollins acquiesced in the trial court's ruling, she failed to preserve the issue of the denial of additional voir dire for appellate review. *See Patterson,* 324 S.C. at 17, 482 S.E.2d at 766 (affirming on preservation grounds where counsel accepted the trial court's refusal to allow additional voir dire). After learning a member of Juror B's law firm previously represented Wal–Mart in another matter, Hollins failed to ask the trial court to conduct further voir dire of Juror B. Instead, Hollins only asked the trial court to strike Juror B for cause. Accordingly, this argument is also not preserved for appeal. *See State v. George,* 323 S.C. 496, 510, 476 S.E.2d 903, 911–12 (1996) (holding a contemporaneous objection must be made to preserve the issue for review).

■ Next, Hollins claims the trial court denied her right to an impartial jury by refusing to strike Juror B for cause after learning a member of her law firm previously represented Wal–Mart in a class action lawsuit. In addition, Hollins argues the trial court erred by refusing to strike Juror D for cause after learning her brother worked at the Wal–Mart

where the incident took place. Hollins argues this error was particularly egregious in light of the court's knowledge that Juror D's brother's direct supervisor would sit at the defense table during trial.

■ The decision to disqualify a juror is within the sound discretion of the trial court. *Abofreka v. Alston Tobacco Co.,* 288 S.C. 122, 125, 341 S.E.2d 622, 624 (1986). "A prior business relationship between a juror and a party to the case does not as a matter of law disqualify a juror." *Id.*

The trial court did not abuse its discretion in refusing to strike Juror B. Upon learning this information, the trial court immediately questioned Juror B about the matter. Juror B responded by informing the trial court that the lawyer representing Wal–Mart worked in the firm's Charleston office while she worked in the Columbia office, the representation had terminated, and she had no involvement with the matter. Finally, Juror B again acknowledged she could be fair and impartial. Similarly, the trial court did not abuse its discretion in refusing to strike Juror D for cause. The court allowed Hollins the opportunity to fully question Juror D, and Juror D responded by asserting she had no knowledge of the matter, had not discussed it with her brother, and could be fair and impartial. Accordingly, we find the trial court acted within its discretion in refusing to strike Jurors B and D for cause. *See State v. Spann,* 279 S.C. 399, 402, 308 S.E.2d 518, 520 (1983) (finding the trial court did not abuse its discretion in refusing to strike a juror who stated he could be fair and impartial).

b. *Evidentiary Matters*

■ Lastly, Hollins argues the trial court abused its discretion by excluding Sgt. Connors' testimony. According to Hollins, Sgt. Connors' testimony was relevant to her negligent supervision claim.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE. The admission or exclusion of evidence in general is within the sound discretion of the trial court. *Fields,* 363 S.C. at 25, 609 S.E.2d at 509. In addressing the law of negligent supervision, our

supreme court has cited the Restatement (Second) of Torts § 317 (1965). *See Degenhart v. Knights of Columbus,* 309 S.C. 114, 116–17, 420 S.E.2d 495, 496 (1992). Comment c to section 317 of the Restatement (Second) of Torts provides "the master may subject himself to liability under the rule stated in this Section by retaining in his employment servants who, to his knowledge, are in the habit of misconducting themselves in a manner dangerous to others."

The trial court properly excluded Sgt. Connors' testimony as irrelevant because Hollins failed to demonstrate that Wal–Mart knew of the arrest or should have known about it. According to Sgt. Connors, the arrest took place on the edge of the Garners Ferry Wal–Mart property without the use of sirens or flashing lights and without attracting the attention of on-lookers. Although Randall worked at another Wal–Mart in the Columbia area, he was "off the clock" at the time of his arrest and dressed in plain clothes. Finally, Wal–Mart was not contacted about the incident. In addition, contrary to Hollins' assertions, we fail to see how Randall's request for a leave of absence charges Wal–Mart with constructive knowledge of his arrest. Therefore, absent evidence Wal–Mart either was aware of the incident or should have been aware of it, the trial court properly excluded the evidence as irrelevant.

Accordingly, the decision of the trial court is

**AFFIRMED.**

HUFF, J., and GEATHERS, J., concur.