**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Diane C. Dingle, Claimant, Appellant,

v.

Federal Mogul Corporation, Employer, and Travelers Property Casualty Company of America, Carrier, Respondents.

Appellate Case No. 2012-207528

Appeal From Clarendon County
R. Ferrell Cothran, Jr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-283
Heard November 7, 2013 – Filed July 9, 2014

**AFFIRMED**

Dwight Christopher Moore, of Moore Law Firm, LLC, of Sumter, for Appellant.

Candace G. Hindersman and John Gabriel Coggiola, of Willson Jones Carter & Baxley, P.A., of Columbia, for Respondents.

**PER CURIAM:** Diane C. Dingle appeals the circuit court's order affirming the Workers' Compensation Commission's denial of her claim for benefits for injuries allegedly resulting from an accidental injury and/or occupational disease. We affirm.

We find the first circuit court did not err in remanding the matter to the Commission for specific findings of fact and conclusions of law. In its order, the first circuit court stated: "During oral argument before this Court, the parties recognized and agreed that . . . the Single Commissioner's Order implicitly found a compensable injury as a result of occupational disease." Dingle did not file a Rule 59, SCRCP, motion contesting the circuit court's statement. *See Grant v. S.C. Coastal Council*, 319 S.C. 348, 356, 461 S.E.2d 388, 392 (1995) (finding that an inaccuracy in the trial court's order must be raised to the trial court by way of a Rule 59(e), SCRCP, motion to alter or amend a judgment before the inaccuracy may be challenged on appeal); *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal."); *Hollins v. Wal-Mart Stores, Inc.*, 381 S.C. 245, 251, 672 S.E.2d 805, 808 (Ct. App. 2008) (because appellant acquiesced in court's ruling, she failed to preserve issue of denial of additional voir dire for appellate review). The first single commissioner's order was insufficient to support her finding of a compensable occupational disease. *See Fox v. Newberry Cnty. Mem'l Hosp.*, 319 S.C. 278, 281, 461 S.E.2d 392, 394 (1995) (listing the elements a claimant must prove to establish an occupational disease as: (1) a disease; (2) the disease must arise out of and in the course of the claimant's employment; (3) the disease must be due to hazards in excess of those hazards that are ordinarily incident to employment; (4) the disease must be peculiar to the occupation in which the claimant was engaged; (5) the hazard causing the disease must be one recognized as peculiar to a particular trade, process, occupation, or employment; and (6) the disease must directly result from the claimant's continuous exposure to the normal working conditions of the particular trade, process, occupation, or employment); *id.* at 282, 461 S.E.2d at 394 (holding this court erred in not remanding the matter to the Commission for further findings of fact on the elements of an occupational disease when there were too many factual disputes and too many elements that were not addressed to support a conclusion that the Commission made implicit findings). The first single commissioner's order did not mention any basis for an award of benefits other than Dingle's allegation that she incurred an occupational disease. As in *Fox*, the order did not even acknowledge that there were six elements that a claimant must prove to recover benefits for an occupational disease, much less address these elements.

As to Dingle's remaining issues, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 1-23-380(5) (Supp. 2013) (providing under the Administrative Procedures Act (APA), an appellate court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, but it may reverse when the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record); *Jones v. Georgia-Pacific Corp.*, 355 S.C. 413, 416, 586 S.E.2d 111, 113 (2003) (stating an appellate court will not overturn a decision by the Commission unless the determination is unsupported by substantial evidence); *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010) ("Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached."); *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the Commission's finding from being supported by substantial evidence."); *Hall v. United Rentals, Inc.*, 371 S.C. 69, 80, 636 S.E.2d 876, 882 (Ct. App. 2006) ("Where there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive."); *id.* ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel."); *Mullinax v. Winn-Dixie Stores, Inc.*, 318 S.C. 431, 435, 458 S.E.2d 76, 78 (Ct. App. 1995) ("Where the medical evidence conflicts, the findings of fact of the [Appellate Panel] are conclusive."); *Brunson v. Am. Koyo Bearings*, 395 S.C. 450, 457-58, 718 S.E.2d 755, 759-60 (Ct. App. 2011) (considering standard of review and finding circuit court did not err in affirming Appellate Panel's denial of benefits when although claimant presented credible medical testimony to prove she suffered a compensable work-related injury, other competent evidence and testimony was presented to the contrary).

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**